**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2910
_____

Steve Ragan,                          *
                                      *
        Appellant,               *
                                      *  Appeal from the United States
    v.                              *  District Court for the
                                      *  Southern District of Iowa.
D. Lynch; Charles Harper;             *
Ronald Welder; Debbie Nichols;        *
Sally Chandler Halford,               *
                                      *
        Appellees.               *

_____

Submitted: March 11, 1997

Filed: May 15, 1997
_____

Before WOLLMAN, and BEAM, Circuit Judges and LAUGHREY,[1] District Judge.
_____

BEAM, Circuit Judge.

    Steve Ragan appeals the district court's[2] entry of summary judgment against him in this 42 U.S.C. § 1983 action.  We affirm.

_____

    [1]The Honorable Nanette K. Laughrey, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

    [2]The Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa, presiding by consent of the parties.  See 28 U.S.C. § 636(c).

## I.  BACKGROUND

Steve Ragan is serving time in the Iowa State Penitentiary (ISP) for his robbery of a convenience store by threatening the cashier with a gun. Ragan sent a Christmas card to the cashier in which he offered an apology and asked for forgiveness.[3]  This contact upset the victim.  The administrator of the Victim Witness Assistance Program wrote a letter to the Iowa Department of Corrections complaining on the victim's behalf.

Ragan was served with a disciplinary notice charging that the correspondence violated prison rules.  A disciplinary hearing was held, at which neither the victim nor the person who complained on her behalf testified.  The disciplinary committee relied on the complaint and on an investigator's written report to find that Ragan violated Institutional Rule 40, "Misuse of Mail, Telephone, and Other Communications."  Ragan was sanctioned with fifteen days of disciplinary detention, restriction to the maximum security cellhouse for six months,[4] and loss of 180 days good-conduct time.

Ragan filed three internal appeals of the disciplinary committee's determination, all of which were denied.  After serving his disciplinary detention, Ragan filed an application for postconviction relief in state court.  The state court found that Rule 40 did not prohibit Ragan's conduct.  The court then reasoned that without Rule 40, the disciplinary committee's decision lacked

---

[3]The card was not produced at Ragan's prison disciplinary hearing nor is it part of the record before us.  Given the procedural posture of this case, we accept Ragan's representations about the contents of the correspondence.

[4]The district court determined that the maximum security restriction was not at issue in this case.  That finding was not appealed and need not concern us here.

any support in the evidence.  Ragan's disciplinary record was therefore expunged and his good-conduct time returned.

Ragan filed this section 1983 action in federal district court seeking damages from the ISP employee who investigated the victim's complaint, the administrative law judge who chaired the disciplinary committee, and the three ISP officials who denied his administrative appeals.  He claims that the defendants violated his Fourteenth Amendment right to due process.[5]  The district court granted the defendants' motion for summary judgment, reasoning that since Ragan's good-conduct time had been returned, his only damage was the fifteen days of disciplinary segregation, which is not protected by the Due Process Clause.  Ragan appeals.

## II.  DISCUSSION

A due process claim is cognizable only if there is a recognized liberty or property interest at stake.  <u>Board of Regents v. Roth</u>, 408 U.S. 564, 569 (1972).  Because Ragan concedes that the Due Process Clause itself was not violated here, he must establish that the disciplinary committee interfered with some constitutionally-protected liberty interest.

Ragan was subjected to two sanctions: segregation and loss of good-time credits.  He acknowledges that no liberty interest was implicated by the segregation.  <u>Sandin v. Conner</u>, 115 S. Ct. 2293 (1995).  Ragan asserts, however, that the additional loss of his good-conduct time implicates a constitutionally-protected liberty

---

[5]Ragan also alleged a First Amendment violation.  The district court found that the state's legitimate interest in preventing the harassment of crime victims justified restriction of Ragan's right of free expression.  That ruling is not contested on appeal.

interest.  For purposes of this case, we will assume without deciding that Ragan faced the loss of a liberty interest.[6]

When inmates are entitled to due process before being disciplined, they must receive: (1) advance written notice of the charges; (2) an opportunity to present evidence in their defense; (3) a written statement by the fact finder of the reasons for the action; and (4) a decision supported by some evidence in the record.  Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)).  Ragan concedes he was provided the first three elements.  His claim centers around the evidentiary requirement.

Ragan argues that the state court's determination that Rule 40 did not prohibit his conduct is equivalent to a finding that due process was violated, which, in turn, entitles him to damages.  As an initial matter, we are not convinced that a disciplinary committee's erroneous interpretation of a prison rule constitutes a due process violation under Hill.  Regardless, Ragan has suffered no injury or, if he did, any harm suffered has already been remedied--his good-time credits have been returned and his disciplinary record expunged.  Because there was a procedure available to remedy the disciplinary committee's mistake, that error alone does not amount to a denial of due process.  Wycoff v. Nichols, 94 F.3d 1187, 1189 (8th Cir. 1996) (no due process violation in sanctioning inmate for conduct not prohibited by prison rules when appeal of discipline restored good-time credits

---

[6]The retention of good-time credits does not automatically qualify as a constitutionally-protected liberty interest.  Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974).  Further, we have previously expressed doubt as to whether Iowa's statutory scheme is sufficiently mandatory to create a liberty interest in good time.  See Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996).

because appeal procedure "constituted part of the due process [and] cured the alleged due process violation").

Ragan attempts to distinguish <u>Wycoff</u> on the grounds that in his case it was a state court, not prison administrators, who restored his good-conduct time. However, the Fourteenth Amendment requires the <u>state</u> to provide him adequate procedures. See <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838 (1982) (Due Process Clause applies to acts of states). The Iowa state court is just as much an arm of the state as ISP administrators. Thus, the process afforded Ragan by the state included a full-blown evidentiary hearing at which Ragan was represented by counsel. Those proceedings were effective in vindicating any liberty interest Ragan might have had. In short, the system worked for Steve Ragan. Any defect in the committee's process has been remedied, and Ragan has suffered no deprivation without due process. It follows that he is not entitled to damages.

## III. CONCLUSION

We affirm the district court's decision granting the defendants' motion for summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-