**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT R. ZIEGLER,

        Plaintiff-Appellant,

    v.

BILL WHITNEY, in his individual
and official capacity as owner or
manager of Unit Parts; UNIT PARTS
COMPANY; JOHN DOE, unknown
owners and/or managers of Unit Parts
Company; RENEE WATKINS, in her
individual and official capacity as
Warden; L. VANDEVER, in his
individual and official capacity as
Grievance Officer; CORRECTIONS
CORPORATION OF AMERICA; and
JOHN DOE, unknown defendants,

        Defendants-Appellees.

No. 04-6166

(W.D. Oklahoma)

(D.C. No. CIV. 03-677-C)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument.

(continued...)

Robert R. Ziegler, a state prisoner proceeding pro se, filed this 42 U.S.C. § 1983 action against Corrections Corporation of American (CCA) and two CCA employees. CCA operated the private prison in which Mr. Ziegler was incarcerated. Mr. Ziegler also sued Unit Parts Company, and Bill Whitney, the owner of Unit Parts.

Mr. Ziegler alleges that he performed work for a company called Hy-Tec and that, in violation of his due process rights, he failed to receive the prevailing wage for this work. Mr. Ziegler's complaint also asserts that the CCA officials violated a state statute, Okla. Stat. tit. 57 § 549, by using his net rather than gross wages in determining how much money to deposit in his inmate savings account. Finally, the complaint asserts violations of his due process right of access to the courts, his Eighth Amendment right to be free from cruel and unusual punishment, and his First Amendment rights.

As the magistrate judge observed, "if [Mr. Ziegler] performed labor on behalf of Unit Parts, that fact is not discernible from the present record." Rec. doc. 31 at 9, n.3 (Report and Recommendation, filed March 31, 2004). His claim

---

**(...continued)
See FED. R. APP. P. 34(f); 10TH CIR. R. 34.1 (G).

against those defendants appears to be based on their having laid off private citizens in order to hire inmates at lower wages.

Following the recommendation of the magistrate judge, the district court dismissed Mr. Ziegler's federal claims pursuant to FED. R. CIV. P. 12(b)(6).  The court counted the dismissal as a strike under 28 U.S.C. § 1915(g).  The court declined to exercise supplemental jurisdiction over Mr. Ziegler's state law claim and dismissed that claim without prejudice.

On appeal, Mr. Ziegler challenges only the dismissal of his wage-related claims.  In particular, based on a CCA policy and an agreement between CCA and Hy-Tec, he argues that he has a constitutionally-protected liberty interest in being paid the prevailing wage.  Mr. Ziegler also argues that the defendants violated Okla. Stat. tit. 57 § 549 in determining the amount to be deposited in his inmate savings account.

Upon de novo review, see Indus. Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994), we note that in dismissing Mr. Ziegler's due process claim, the magistrate judge relied in part upon the language of the contract between CCA and Hy-Tec.  The magistrate judge concluded that, as an inmate, Mr. Ziegler was "as best, . . . an incidental beneficiary to the parties' contract but not an intended beneficiary."  Rec. doc. 31, at 6.  In our view, it is not necessary or appropriate to examine the language of

the contract or draw any factual inferences from it in order to resolve Mr. Ziegler's claims on a FED. R. 12(B)(6) motion.  See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (noting that "we accept ""all well-pleaded factual allegations in the . . .complaint as true and view[] [them] in the light most favorable to the nonmoving party.'").  Nevertheless, in light of the standard for determining whether prisoners possess property or liberty interests protected by the Due Process Clause,  we agree with the magistrate judge's conclusion—that Mr. Ziegler has failed to allege a violation of his due process rights.

"[W]e . . . review property and liberty interest claims arising from prison conditions by asking whether the prison condition complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.'"  Cosco v. Uphoff, 195 F.3d 1221, 1224 (10th. Cir. 1999) (quoting Sandin v. Conner, 515 U.S. 472, 486 (1995)).  Payment below the prevailing wage is not such an atypical, significant deprivation.  See Washlefske v. Winston, 234 F.3d 179, 184 (4th Cir. 2000) (stating that "[a]lthough private citizens ordinarily have a constitutionally-protected property interest in the wages earned from their labor under employment contracts, inmates do not") (citations omitted); see also Cumbey v. State, 699 P.2d 1094, 1097 (Okla. 1985) (stating that "'[i]t is well-established that a state may legitimately

-4-

restrict an inmate's privilege to earn a wage while incarcerated" and that "whatever right [a prisoner] ha[s] to compensation is solely by the grace of the state"); Accordingly, regardless of the provisions of the contract between CCA and Hy-Tec, Mr. Ziegler has failed to allege a due process claim based upon the payment of less that the prevailing wage for work he performed as an inmate.

The district court also acted within its discretion in dismissing Mr. Ziegler's state law claim without prejudice. See United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002) (stating that if the parties have not spent a substantial amount of time litigating the state law claims, the "district court should normally dismiss supplemental state law claims after all federal claims are dismissed . . . before trial"). Finally, as to Unit Parts and Mr. Whitney, we agree that Mr. Ziegler has failed to identify any basis on which to hold them liable.

Accordingly, the district court's decision is AFFIRMED. Because we have affirmed the district court's dismissal of Mr. Ziegler's complaint, the district court's dismissal and our affirmance now counts as a single strike under 28 U.S.C. § 1915(g). See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999).

Entered for the Court,

Robert H. Henry
Circuit Judge