FILED
United States Court of Appeals
Tenth Circuit

March 30, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN ANDERSON,

     Plaintiff-Appellant,

v.

MIKE CUNNINGHAM,

     Defendant-Appellee.

No. 08-1349

(D.C. No. 07-CV-0418-MSK-KLM)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Brian Anderson, an inmate in the custody of the Colorado Department of

Corrections ("CDOC"), filed this pro se civil rights action against Mike

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Cunningham, a Correctional Industries ("CI") supervisor with the CDOC. Anderson's 42 U.S.C. § 1983 claims allege a violation of his constitutional right to due process, and arise out of the termination of his employment by Cunningham. The district court dismissed Anderson's claims in two orders. The first order granted in part and denied in part a motion to dismiss filed by Cunningham. The second order granted Cunningham's motion for summary judgment on the remainder of Anderson's claims. Anderson appeals both orders. Although not addressed by either party, we have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

I

Anderson is a former employee of the CI seating factory at the Sterling Correctional Facility. Cunningham managed the seating factory. On April 12, 2006, Anderson attempted to leave the seating factory with paper towels from the factory. This action violated the seating factory's operational rule, "If anything from the Seating Factory is found on your person or in your cell no matter what it is you will be terminated . . . ." R. Doc. 84-2 at 12. Because of this violation, Anderson's employment in the seating factory was terminated.

Upon being terminated from the seating factory, Anderson was subject to Administrative Regulation 600-05 ("AR 600-05"). This regulation provides, "Staff supervising a work, educational, and/or treatment program shall immediately complete an incident report and will notify appropriate case

2

manager(s) and unit supervisor(s) when an offender . . . is terminated from an assignment." Aplt. Br. Ex. 9 at 2.[1]  After receiving the incident report, "[c]ase management staff shall determine if the offender meets the criteria for placement on restricted privileges status." Id.  "Restricted privileges status will be implemented, regardless of status of appeal, until a decision is made." Id.  "In the event the classification review removes the offender from restricted privileges status, all property will be returned to the offender and all other privileges shall be restored, as soon as practical, within facility operating guidelines." Id. at 3.

---

[1] We note that the appellate record does not contain a copy of AR 600-05; Anderson included a copy of AR 600-05 as an exhibit with his appellate brief. The district court also commented on this omission from the record, stating, "Curiously, although AR 600-[0]5 is cited prominently in the Plaintiff's Complaint and forms the backbone of the events giving rise to the claims, neither party has seen fit to supply the Court with a copy of the regulation." R. Doc. 92 at 4.  The district court then took judicial notice of a website version of AR 600-05 that became effective after the events at issue here.  The record, however, indicates that Anderson filed a motion early in this case requesting "verification from this Court[] that this Honorable Court has a copy of AR 600-05.  If the Court doesn't have a copy of this . . . regulation[, t]hen the Plaintiff requires a Court order[] to copy AR[] 600-05 . . . ." R. Doc. 6 at 1.  The magistrate judge then entered a minute order assuring Anderson that "[t]he Plaintiff may safely conclude that the Court has access to and/or copies of all legal materials necessary to effectively determine the issues in this case, including AR 600-05." R. Doc. 49 at 1.  Given this contradiction, Anderson submitted a 2005 version of AR 600-05 as an exhibit with his appellate brief.  Cunningham did not object to this submission.  Based on the district court's inconsistent treatment of this issue and our standard of review requiring us to view the facts in the light most favorable to Anderson—as the party opposing summary judgment—we consider Anderson's submitted copy of AR 600-05 to be the controlling version in this case.  See Van Deelen v. Johnson, 497 F.3d 1151, 1153 (10th Cir. 2007) ("Viewing the facts pertinent to the current dispute, as we must, in the light most favorable to Mr. Van Deelen, as the party opposing summary judgment . . . .").

Applying this regulation, Anderson's supervisor at the seating factory submitted an incident report stating that Anderson was "caught attempting to take paper towels out of [the] building." R. Doc. 64 at 7. Upon receiving this report, Anderson's case manager, Brian Holman, apparently placed Anderson on restricted privileges status on April 19, 2006. Three days later, Holman's superior reversed this decision, reasoning that the submitted documents "do not support [restricted privileges] status." R. Doc. 64 at 9.[2]

Regarding this incident, Anderson filed grievances with the CDOC. These grievances dispute whether Anderson tried to steal paper towels and whether Anderson received due process in his termination. Additionally, Anderson alleges that as a result of this incident, he lost: (1) good time credits; (2) access to recreation; (3) access to a library; (4) the privilege to leave his housing unit; and (5) pay and bonus pay associated with his employment. After exhausting his administrative remedies, Anderson filed his present complaint.

Anderson's complaint alleges one claim, a violation of Anderson's Fourteenth Amendment right to due process. To support this claim, Anderson lists that he was "confin[ed] to [his housing] unit [for approximately 45] days, [and] limited and denied [access to the] yard, gym, library, law library." R. Doc.

---

[2] We note that Anderson's complaint asserts the restriction of his privileges lasted for 45 days. For purposes of our analysis of his appeal from the district court's grant in part of Cunningham's motion to dismiss, we must accept this allegation as true. Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009).

4

3 at 4.  Additionally, Anderson indicates that he lost "earn time" and was "fined." Id.

Cunningham filed a motion to dismiss Anderson's claims.  Cunningham sought dismissal of Anderson's due process claims, asserting that none of the deprivations Anderson identified is a "liberty interest."  Anderson responded, asserting that "this case is not about prison employment[;] this case relates to [a] due process violation[] that developed from a[n] administrative regulation[] that unconstitutionally allowed the Defendant to accuse the Plaintiff of theft and then terminate the Plaintiff from employment."  R. Doc. 19 at 1 (emphasis omitted). Anderson also filed a separate motion for summary judgment, contending that AR 600-05 is facially unconstitutional because it "renders a[n] inmate guilty immediately [and] punished automatically, irregardless of [a]ppeal."  R. Doc. 56 at 7 (emphasis omitted).

The district court denied Anderson's motion for summary judgment.  With one exception, the district court granted Cunningham's motion to dismiss. Accepting the truth of the complaint's assertions, the district court found that Anderson's allegations of being confined to his housing unit and denied access to a gym and libraries were not indications of "'atypical and significant hardship[s] . . . in relation to ordinary incidents of prison life.'"  R. Doc. 65 at 4 (quoting Sandin v. Conner, 515 U.S. 472, 472 (1995)) (omission in original).  Because "[u]nder Colorado law, 'good time' credits do not advance an inmate's release

5

date, but merely advance the date upon which the inmate is considered for parole[,]" the district court found that Anderson did not have a liberty interest in "good time" credits. Id. at 5. On the other hand, the district court determined that the language in the complaint claiming that Anderson was fined could support a due process violation claim.

After participating in a pretrial conference and obtaining leave to re-open the dispositive motions period, Cunningham filed a motion for summary judgment. Cunningham based this motion on evidence that Anderson's alleged "fine" was actually the loss of an incentive bonus. Under the seating factory's regulations, Anderson's termination made him ineligible for the bonus. Cunningham argued that this bonus is not a sufficient property interest to support Anderson's due process violation claim.

Additionally, Cunningham's motion for summary judgment included a statement from Anderson's case manager, Holman. Although Anderson stated that Holman found him "not guilty" of attempting to steal the paper towels, Holman's submitted affidavit disputes this assertion. R. Doc. 84-3 at 2 ("I did not at any time find Mr. Anderson 'not guilty' of [] attempting to steal the paper towels. . . . A determination such as this is not within the scope of my responsibilities.").

Anderson contested the submission of Holman's affidavit. Anderson argued that Holman's affidavit contains perjury. Anderson cited the decision

from Holman's supervisor denying the request to place Anderson on restricted privileges status. Based on this argument, Anderson filed three motions related to Holman's affidavit: (1) a motion to strike the affidavit; (2) a motion for ethics violations against Cunningham's counsel for submitting the affidavit; and (3) a motion "for the issue of perjury, committed by case manager Holman, be submitted to the U.S.[] Attorney General." R. Doc. 87 at 1.

The district court resolved all of these motions in an order granting summary judgment for Cunningham. The court agreed with Cunningham's argument that the alleged "fine" was the denial of an incentive bonus. Because Anderson's termination made him ineligible for the bonus, the bonus is not a property interest and cannot support his due process violation claim. Regarding Anderson's perjury motions, the court noted that Anderson misconstrued related concepts: (1) a finding that Anderson should not be placed on restricted privileges status is a separate analysis from a finding that Anderson should be terminated from his job; and (2) Holman's ability to determine whether Anderson is on restricted privileges status does not mean Holman has the ability to restore Anderson's employment.

Anderson appeals several of the district court's orders. He specifically contests six issues: (1) the denial of his motion for summary judgment; (2) the dismissal of his due process claims; (3) the denial of his motion to strike; (4) the denial of his motion for ethic violations against Cunningham's counsel; (5) the

7

denial of his motion for submission of perjury to the Attorney General; and (6) the entry of judgment against Anderson for cost. Because Anderson proceeds pro se, we liberally construe his filings. Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003).

## II

Applying Federal Rule of Civil Procedure 12(b)(6), the district court dismissed Anderson's claims related to his being confined to his housing unit, denied access to facilities, the loss of his prison job, and the loss of his "good time" credits for failure to state a claim. We review de novo dismissals for failure to state a claim. Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Id. (quoting Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007)). "We review the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." Id. (quoting KT & G Corp. v. Att'y Gen., 535 F.3d 1114, 1134 (10th Cir. 2008)).

Anderson's complaint alleges that he was denied his constitutional rights to due process. To prevail on a due process claim, a plaintiff must establish that a defendant's actions deprived plaintiff of a protected property or liberty interest. Teigen v. Renfrow, 511 F.3d 1072, 1078 (10th Cir. 2007); Boutwell v. Keating, 399 F.3d 1203, 1212 (10th Cir. 2005). Anderson's complaint lists as protected

8

interests: confinement to his housing unit for 45 days; loss of access to exercise facilities and libraries; loss of good time credits; and, implicitly, termination of his employment. Anderson's complaint also identifies a fine as a protected property interest.

We agree with the district court's determination that, with the exception of the fine, Anderson's complaint does not identify a protected property or liberty interest. Anderson's complaint does not identify any details for how the alleged restrictions, which lasted at most 45 days, are atypical or impose a significant hardship beyond the ordinary incidents of prison life. Accordingly, his claims related to his confinement to his housing unit and the denial of access to exercise facilities and libraries are not protected interests. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994) (finding that an inmate does not have a protected liberty interest in his prison classification under Federal or Colorado law); Sandin, 515 U.S. at 483–84 (an inmate may be deprived of a liberty interest if subjected to a restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Anderson does not have a protected interest in his prison employment. Penrod v. Zavaras, 94 F.3d 1399, 1407 (10th Cir. 1996) (holding that a prisoner does not have a protected liberty interest in his prison job). Because under Colorado law "good time" credits are discretionary, Anderson does not have a protected interest in earning "good time" credits. Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006)

9

(applying Colorado law and noting "where, as here, the credits are discretionarily awarded, the defendants have not deprived [plaintiff] of any earned time to which he was entitled and thus no liberty interest is involved").

The district court granted summary judgment for Cunningham on Anderson's remaining alleged protected interest—a fine. "We review orders granting summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party." Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008). We will affirm a grant of summary judgment only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Cunningham's motion for summary judgment argued that "[t]he 'monetary fine' which Anderson claims was imposed is the denial of an incentive bonus payment . . . ." R. Doc. 84 at 2. Cunningham supported this assertion by citing his affidavit and administrative regulations. R. Doc. 84-2 at 6 ("If an inmate is fired for any reason, or quits without notice, he or she will not receive incentive bonus pay for the final month worked.").

Anderson has not contested that his alleged fine is actually the loss of a bonus payment. The grievance forms Anderson attached to his complaint identify the loss of a bonus payment, but do not mention a fine. R. Doc. 3 at 10–11. According to the district court, Anderson "explained during the Pretrial

10

Conference, it was the loss of this anticipated bonus that he refers to as the 'fine' that was imposed upon him." R. Doc. 92 at 3.

Without any evidence to the contrary, we accept that the alleged "fine" was actually the loss of a bonus payment. We agree with the district court that Anderson's loss of a bonus payment cannot support his due process violation claim. Restricting payments for prison employment is not an atypical, significant deprivation. See Ziegler v. Whitney, 112 F. App'x 699, 701 (10th Cir. 2004) (unpublished) (citing Washlefske v. Winston, 234 F.3d 179, 184 (4th Cir. 2000)). The controlling regulation indicates that an inmate will not receive bonus pay if he is fired for any reason. Anderson acknowledges that he was fired for taking paper towels. Given these circumstances, Anderson does not have a protected interest in the bonus payment.

Because we conclude that the district court correctly dismissed the majority of Anderson's claims for failure to state a claim, and correctly granted summary judgment on the remainder of his claims, we reject Anderson's arguments that the district court improperly denied his request for summary judgment. Because Cunningham was entitled to judgment as a matter of law on all of Anderson's claims, Anderson was not entitled to summary judgment. Similarly, our review for abuse of discretion concludes that the district court did not err in awarding costs to Cunningham, as the prevailing party, under Federal Rule of Civil Procedure 54(d)(1). Brockman v. Wyo. Dep't of Family Servs., 342 F.3d 1159,

11

1169 (10th Cir. 2003) ("We review the district court's award of costs for abuse of discretion."); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party.").

Regarding Anderson's arguments on AR 600-05, we note that Anderson has failed to show how the implementation of AR 600-05 resulted in the deprivation of any protected interest. AR 600-05 is, however, relevant to Anderson's remaining arguments on appeal.

Anderson contests the denial of his three motions that challenge Holman's affidavit. Each motion assumes that Holman committed perjury in his affidavit by denying that he found Anderson "not guilty" of stealing the paper towels and stating that such a determination was not in his scope of responsibilities. Instead, Holman identifies his duties as determining inmate classification and referring inmates to programs and job assignments. Anderson assumes that Holman's determination that Anderson did not merit restricted privileges status indicates that Anderson was improperly terminated and "not guilty" of stealing the paper towels. AR 600-05 clarifies that whether Anderson should be terminated and whether Anderson should be placed on restricted privileges status are separate questions.

The process AR 600-05 mandates is initiated by a restricted privileges status review. A review begins when a staff supervisor completes an incident

12

report notifying a case manager that an inmate has been terminated from an assignment. Thus, before AR 600-05 is implicated, the inmate has already been terminated from his prison employment. Nothing in AR 600-05 requires a review of whether this termination was correct. Even "[i]n the event the classification review removes the offender from restricted privileges status," there is no mention of restoring prison employment. Aplt. Br. Ex. 9 at 3. Instead, "all property will be returned to the offender and all other privileges shall be restored, as soon as practical, within facility operating guidelines." Id. Because prison employment is not terminated under AR 600-05, it is not "property" or a "privilege" under AR 600-05, and therefore cannot be restored under AR 600-05.

Given this distinction between a termination of employment and a placement on restricted privileges status, we do not read Holman's affidavit to contain perjury. Because we disagree with Anderson's assumption on this issue, we reject his arguments concerning his motions challenging Holman's affidavit.

### III

We grant Anderson's motion to proceed in forma pauperis on appeal and remind him of his continuing obligation to make partial payments until his filing fee has been paid in full. We affirm the district court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

13