FILED
United States Court of Appeals
Tenth Circuit

January 10, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID ROBIN WHITMORE,

    Plaintiff - Appellant,

v.

RONALD HILL, Unit
Manager/Disciplinary Hearing Officer;
MARK BOWEN, Deputy Warden;
RALPH FORD, Captain; DAVID
MILLER, Warden; BRANDY
KIRKPATRICK, Disciplinary Hearing
Investigator; and JOHN ELLINGTON,
Sergeant/Disciplinary Hearing Officer,

    Defendants - Appellees.

No. 11-6158
(D.C. No. 5:10-CV-00576-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**<sup>*</sup>

---

Before **LUCERO, EBEL and GORSUCH,** Circuit Judges.

---

Plaintiff-Appellant David Whitmore, an inmate in the custody of the Oklahoma

---

    *After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Department of Corrections ("ODOC"), sued several prison officials under 42 U.S.C.

§ 1983, alleging they deprived him of due process during a prison disciplinary

proceeding. Because Whitmore is proceeding pro se, we liberally construe his pleadings.

See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Having jurisdiction under

28 U.S.C. § 1291, we AFFIRM the district court's decision granting Defendants

summary judgment.[1]

## I. Procedural issues

Whitmore first asserts that the district court committed several procedural errors.

### A. Conversion of motion to dismiss into summary judgment motion

Pursuant to Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978) (per curiam),

the district court ordered prison officials to prepare and file with the court a special report

addressing Whitmore's claims. Whitmore complains that, by considering that report, the

district court improperly converted Defendants' motion to dismiss into a summary

judgment motion, without providing Whitmore notice of that conversion. See generally

Gee v. Pacheco, 627 F.3d 1178, 1186-87 (10th Cir. 2010) (addressing conversion of

motion to dismiss into summary judgment motion). But the district court's order

directing prison officials to prepare and file the special report also informed Whitmore

that, "[i]f Defendants file a motion to dismiss and/or for summary judgment, Plaintiff

must file a response thereto within twenty-one (21) days from the date the motion was

---

[1] The district court granted Whitmore permission to pursue this appeal in forma pauperis. See 28 U.S.C. § 1915(a).

filed." (R. v.1 at 14 ¶ 4.) Defendants did file such a motion and they clearly titled it a "Motion To Dismiss/Motion For Summary Judgment." Under these circumstances, Whitmore was on notice that, procedurally, he had to defend against summary judgment. See Marquez v. Cable One, Inc., 463 F.3d 1118, 1121 (10th Cir. 2006).

## B. Denial of Whitmore's default judgment motions

Defendants' first responsive pleading, the motion to dismiss/motion for summary judgment, mistakenly indicated that only three of the six named Defendants joined that motion. In light of that, Whitmore moved for entry of a default judgment against the other three Defendants. The district court did not abuse its discretion, see Bixler v. Foster, 596 F.3d 751, 761 (10th Cir. 2010), in denying Whitmore a default judgment and in permitting Defendants, instead, to amend their motion to dismiss/for summary judgment to include all six named Defendants. See Willner v. Budig, 848 F.2d 1032, 1035 (10th Cir. 1988) (per curiam) (upholding denial of default judgment where court permitted defendants to amend answer to add name of defendant omitted from original answer); see also Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1491 (10th Cir. 1995).

Whitmore further asserts that he did not receive either Defendants' original or amended motion to dismiss/for summary judgment. For these reasons, he filed two additional motions for default judgment. The district court did not abuse its discretion, see Bixler, 596 F.3d at 761, in denying default judgment because Defendants did timely file their motions to dismiss/for summary judgment with the court.

3

**II. Whitmore failed to object in a timely manner to the magistrate judge's recommendation**

As previously mentioned, Whitmore asserted he never received Defendants' original motion to dismiss/for summary judgment. In light of that, when the district court granted Defendants' motion to amend their motion to dismiss/for summary judgment, the court further directed Defendants to file their amended motion no later than February 28, 2011, and to send Whitmore a copy of their original motion as well as their new amended motion. The court further directed Whitmore to file a response to Defendants' motions to dismiss/for summary judgment "within twenty-one days of filing." (R. v.1 at 50.)

Defendants obtained an extension of time and ultimately filed their amended motion with the court on March 1, 2011. Attached to that motion, Defendants indicated that they had mailed a copy of that motion to Whitmore on the same date. Although Whitmore received a copy of the court's order, dated March 1, 2011, granting Defendants' motion for an extension of time to file their amended motion, he asserts that he never received Defendants' amended motion to dismiss/for summary judgment.

Whitmore, however, did receive the magistrate judge's report and recommendation, dated April 26, 2011, which noted that Defendants had filed their amended motion to dismiss/for summary judgment, but Whitmore had not filed a response. In his report, the magistrate judge recommended granting Defendants summary judgment. That report and recommendation also advised Whitmore that he had to file any objections to the magistrate judge's report and recommendation by May 16,

4

2011, or "waive[] the right to appellate review of both factual and legal issues contained." (Id. at 69.) Affording Whitmore the benefit of the prison mail rule, see Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011), he did not file his objections until May 19, 2011.

This court has a "firm waiver rule that provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." Cohen v. Longshore, 621 F.3d 1311, 1317-18 (10th Cir. 2010). But this waiver rule is not jurisdictional, see Hicks v. Franklin, 546 F.3d 1279, 1283 n.3 (10th Cir. 2008), and the Tenth Circuit has recognized several exceptions to its applications, Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008). First, this court will not apply the waiver rule if the district court failed to notify a pro se litigant of the time he had to file his objections and the consequences for failing to object in a timely manner. See id. But that exception does not apply here because the magistrate judge's report and recommendation clearly gave Whitmore the required notice.

Second, this court will not apply our firm waiver rule if the interests of justice warrant overlooking the waiver. See id. at 1237-38. That exception does not apply here, either.

In deciding whether the interests of justice warrant overlooking a litigant's failure to file timely objections, we consider 1) the litigant's efforts to comply with the time for filing objections; 2) the force and plausibility of the litigant's explanation for why his objections were late; and 3) the importance of the issues raised. See Casanova v.

5

<u>Ulibarri</u>, 595 F.3d 1120, 1123 (10th Cir. 2010).

**A. Whitmore's efforts to comply with the deadline for filing his objections, and the force and plausibility of his explanation for why he filed them late**

In his untimely objections, Whitmore does not specifically address why they were late. But he did assert that he had trouble accessing relevant case law relied upon by the magistrate judge. Even so, Whitmore still could have filed a timely objection notifying the court that he had never received Defendants' amended motion to dismiss/for summary judgment. <u>See</u> <u>Duffield</u>, 545 F.3d at 1238.

In his reply brief, Whitmore for the first time asserts that he tried to file a timely motion for an extension of time to file his objections, but a prison mail room clerk prevented him from doing so. The Court notes that Whitmore was able to file motions for entry of default and for default judgment during this same time period. Whitmore further states that he first discovered that the prison did not mail his motion for an extension to the court when he filed his notice of appeal in this case and received a copy of the district court's docket sheet. We will not address this issue, which was available to Whitmore when he filed his opening brief, but which he failed to raise until his reply brief. <u>See</u> <u>Reedy v. Werholtz</u>, 660 F.3d 1270, 1274 (10th Cir. 2011).

**B. Importance of the issues Whitmore raises on appeal**

In considering "whether the importance of the issues raised might trigger the 'interests of justice' exception, we have said that, in many respects, the interests of justice analysis we developed, which expressly includes review of a litigant's unobjected-to

6

substantive claims on the merits, is similar to reviewing for plain error." Duffield, 545 F.3d at 1238 (internal quotation marks omitted). Therefore, Whitmore "would have to show (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

Whitmore cannot make that showing here. To the extent he is challenging his first prison disciplinary conviction, Whitmore received due process when that conviction was overturned through the review process provided by Oklahoma. See Ragan v. Lynch, 113 F.3d 875, 876-77 (8th Cir. 1997); Harper v. Lee, 938 F.2d 104, 105 (8th Cir. 1991); see also Horne v. Coughlin, 155 F.3d 26, 31 (2d Cir. 1998) (holding first disciplinary hearing "became a nullity" where it was overturned and "all the penalties" the inmate suffered resulted from a second hearing). To the extent he is challenging the second prison conviction that resulted from his rehearing, that conviction has never been invalidated. Therefore, Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997), precludes Whitmore's § 1983 claims challenging that conviction.

## III. Conclusion

Because Whitmore has failed to establish that his case falls within one of these exceptions, we apply our firm waiver rule here and AFFIRM the district court's decision granting Defendants summary judgment. We decline to impose a strike. See 28 U.S.C. § 1915(g). But we remind Whitmore that he remains obligated to make partial payments until the filing fee he owes in this case is paid in full.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge