**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID ROBIN WHITMORE,

      Plaintiff - Appellant,

v.

RONALD HILL, Unit Mgr/Disciplinary
Hearing Officer; PEGGY HAUNG,
Disciplinary Hearing Officer;
LIEUTENANT JONES, Shift Supervisor;
MARK BOWEN, Deputy Warden; and
DAVID MILLER, Warden,

      Defendants - Appellees.

No. 10-6279
(D.C. No. 5:10-CV-00413-M)
(W.D. Okla.)

---

DAVID ROBIN WHITMORE,

      Plaintiff - Appellant,

v.

PEGGY HAUNG; MS. PLUME; RALPH
FORD; LIEUTENANT JONES; MARK
BOWEN; DAVID MILLER; and
SERGEANT ELLINGTON,

      Defendants - Appellees.

No. 10-6280
(D.C. No. 5:10-CV-00412-M)
(W.D. Okla.)

DAVID ROBIN WHITMORE,

      Plaintiff - Appellant,

v.

RALPH FORD; DAVID MILLER; and
RONALD HILL,

      Defendants - Appellees.

No. 11-6035
(D.C. No. 5:10-CV-00448-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO, EBEL and GORSUCH**, Circuit Judges.

---

In each of these three appeals, Plaintiff-Appellant David Whitmore, an inmate in

the Oklahoma Department of Corrections ("ODOC"), challenges the dismissal of his 42

U.S.C. § 1983 claims alleging that he was denied due process in three separate prison

disciplinary proceedings. Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM the

district court's denial of relief in each case.[1]

## I. Standard of review

The district court granted Defendants summary judgment in each of these cases.

---

[*]After examining the briefs and appellate records, this panel has determined
unanimously that oral argument would not materially assist the determination of these
appeals. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). These cases are
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We GRANT Whitmore's motion to consolidate these appeals.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review a summary judgment decision de novo, viewing the evidence in the light most favorable to the non-moving party, here Whitmore. See Klen v. City of Loveland, 661 F.3d 498, 507-08 (10th Cir. 2011). Further, because Whitmore is proceeding pro se, we liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

## II. General due process principles governing Whitmore claims

"[A] State shall not 'deprive any person of life, liberty, or property without due process of law.' U.S. Const. amend. XIV, § 1." Moore v. Bd. of County Comm'rs, 507 F.3d 1257, 1259 (10th Cir. 2007). 42 U.S.C. "[§] 1983 creates a federal cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and law.'" Id.

An inmate pursuing § 1983 relief for the deprivation of due process must first establish that he was deprived of an interest protected by due process. See id. If the inmate can establish that, he must further show that the process afforded him was deficient. See id. In the context of prison disciplinary proceedings, an inmate is not entitled to the full panoply of procedural protections afforded a defendant in a criminal prosecution. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Due process, instead, requires that the inmate facing disciplinary charges 1) be given advance written notice of the charges, 2) an opportunity, when consistent with institutional safety and correctional

3

goals, to call witnesses and present documentary evidence in his defense, and 3) a written statement from the factfinder of the evidence he relied upon and the reason for the disciplinary action. See Superintendent v. Hill, 472 U.S. 445, 454 (1985). There must also be "some evidence in the record" to support a disciplinary conviction. Id.

An inmate may not pursue a § 1983 damages claim alleging due process violations occurring during a prison disciplinary proceeding if granting relief would imply the invalidity of the resulting disciplinary conviction, unless that conviction has been invalidated. See Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997). In these cases, each of the disciplinary convictions at issue has been invalidated.

## III. Whitmore's disciplinary proceedings

In these three cases, Whitmore alleged that ODOC officials deprived him of procedural due process during the course of three separate disciplinary proceedings. In appeal No. 10-6279, Whitmore challenges his conviction for being present in an unauthorized area, asserting that prison officials did not allow him to present witnesses in his defense. In appeal No. 10-6280, Whitmore challenges a disciplinary conviction for failing to obey an order, asserting that he was denied the opportunity to present witnesses, one of his witnesses lied, the hearing officer was biased, and Whitmore's conviction was affirmed by a biased reviewer. And in appeal No. 11-6035, Whitmore challenges another disciplinary conviction for disobeying orders, alleging that he did not receive notice of the charge before his hearing.

4

**A.  We assume Whitmore's claims implicate a property interest protected by due process**

To recover on his due process claims, Whitmore must first establish that, as a result of these challenged disciplinary proceedings, he was deprived of an interest protected by due process.  See Moore, 507 F.3d at 1259.  None of the sanctions he received as a result of these disciplinary proceedings, which included placement in administrative segregation, reduction in classification and fines, implicates a liberty interest.  They did not "inevitably affect the duration of his sentence" nor "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin v. Conner, 515 U.S. 472, 484, 486-87 (1995).  See Gee v. Pacheco, 627 F.3d 1178, 1193 (10th Cir. 2010) (noting inmate had no liberty interest in discretionary classification decisions); Grossman v. Bruce, 447 F.3d 801, 806 (10th Cir. 2006) (noting placement in administrative segregation did not implicate liberty interest).

But in each of these cases, ODOC officials did impose a fine of $10.  We will assume that a fine implicates Whitmore's property interests protected by due process. See Anderson v. Cunningham, 319 F. App'x 706, 710-11 (10th Cir. 2009) (unpublished) (noting fine imposed in prison disciplinary proceeding implicates property interest protected by due process, but finding that "fine" at issue in that case was actually bonus for prison employment, which was not a protected property interest); Jones v. Cowley, Nos. 91-6271, 91-6283, 1991 WL 252667, at *2 (10th Cir. Nov. 26, 1991) (unpublished) (noting, in case involving inmate's challenge to prison disciplinary conviction, that "there

5

is no doubt that the $15 fine is a deprivation of a property interest" implicating due process); cf. Burns v. PA Dep't of Corr., 544 F.3d 279, 282-83, 291(3d Cir. 2008) (holding "assessment" of inmate's account in an unspecified amount, as punishment for misconduct conviction, was a property interest protected by due process).

We further reject Defendants' argument that no property interest has been implicated in these cases because prison officials have not yet deducted any of the three fines at issue here from Whitmore's prison account. There is no indication that prison officials would not have deducted the fines, had they not been rescinded during the administrative and judicial review process. Cf. Burns, 544 F.3d at 281-83, 291 (holding fact that prison officials had never sought to quantify assessment against inmate, imposed as a result of a misconduct conviction, and thus had never deducted that amount from his prison account, did not preclude assessment from implicating inmate's property interests for purposes of due process).

**B. Whitmore received all the process he was due**

Procedurally, each of these cases presents almost identical facts: Each of Whitmore's disciplinary convictions was affirmed administratively by the warden and the ODOC director, or their designees. Whitmore then sought judicial review in Oklahoma state court. While those three lawsuits were pending, the ODOC director or his designee overturned each of the disciplinary convictions Whitmore challenges here, rescinded the fines, and ordered rehearing. Eventually prison officials dismissed each of the disciplinary charges. The state court, then, dismissed each of Whitmore's lawsuits as

6

moot, and the Oklahoma Court of Criminal Appeals affirmed those dismissals.

In each of these cases, the reversal of his disciplinary conviction, the refunding of any fine he had already paid, and the elimination of any unpaid fine cured any due process violation that may have occurred during the initial disciplinary hearing and thus afforded Whitmore the process he was due. See Ragan v. Lynch, 113 F.3d 875, 876-77 (8th Cir. 1997) (addressing situation where state court overturned disciplinary conviction); Harper v. Lee, 938 F.2d 104, 105-06 (8th Cir. 1991) (per curiam); see also Horne v. Coughlin, 155 F.3d 26, 31 (2d Cir. 1998) (challenged first disciplinary hearing "became a nullity" after it was overturned where "all the penalties" the inmate suffered resulted from his second hearing). Horne reached this conclusion under circumstances directly analogous to Whitmore's case, where prison officials overturned the first disciplinary conviction and ordered rehearing while the inmate's state-court action seeking judicial review was pending. See 155 F.3d at 27-28, 31. Therefore, the district court properly granted Defendants summary judgment in these cases.

**IV. Conclusion**

For the foregoing reasons, we AFFIRM the district court's decision in each of these cases. We DENY Whitmore's motion "to supplement" appeal Nos. 10-6279 and 10-6280 with documents and information about another of Whitmore's disciplinary convictions not at issue here. We DENY Defendants' request, in two of these appeals, to impose a strike against Whitmore for pursuing frivolous appeals. See 28 U.S.C. § 1915(g). We do remind Whitmore that, although the district court granted him

7

permission to pursue each of these appeals in forma pauperis, <u>see</u> 28 U.S.C. § 1915, he remains obligated to make partial payments until the filing fees in these cases are paid in full.

The mandates in these appeals shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

8