NOT DESIGNATED FOR PUBLICATION

No. 114,046

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAMAR WEST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETT, judge. Opinion filed February 3, 2017. Appeal dismissed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Jacob G. Fishman*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

*Per Curiam*:  Damar West pled guilty to one count of fleeing or attempting to elude a police officer. The district court sentenced him to 17 months in prison. West appeals, arguing the district court improperly calculated his criminal history score, the State breached the plea agreement, and the court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), in sentencing him to the aggravated sentence. We dismiss as his issues are moot.

1

On June 27, 2012, West entered into a plea agreement with the State. He agreed to plead guilty to one count of fleeing or attempting to elude a police officer under K.S.A. 2011 Supp. 8-1568. The parties agreed to the mitigated sentence for the offense, with no additional departures. West filed a motion challenging his criminal history score. His presentence investigation report indicated he had three prior convictions for resisting arrest in Missouri. West argued the district court should score one of those convictions as a nonperson felony because it did not compare to a person felony in Kansas.

At the sentencing hearing, West again objected to his criminal history score. At the hearing, he argued the district court did not make the necessary findings to score all three convictions as person felonies. The court denied West's motion, stating the State had adequately and accurately described the status of Kansas law as requiring comparable elements between the prior conviction and a Kansas offense. The court scored West's criminal history as A, relying on his 2012 Missouri conviction for resisting a lawful arrest; his 2009 Missouri conviction for resisting arrest/detention/stop by fleeing; and his 2006 Missouri conviction for resisting arrest by fleeing—creating a substantial risk of serious injury/death to any person.

The State recommended the mitigated sentence pursuant to the plea, which was 15 months' imprisonment. After making its recommendation, the prosecutor added,

> "The only additional comments that I would make is that this, according to the records that I have received and before the Court today, this would be Mr. West's fourth fleeing and eluding case and I believe that that causes a great public safety concern. The Court should take that in mind."

The district court sentenced West to the aggravated term of his presumptive sentence, which was 17 months' imprisonment. The court explained that West's "criminal history and the nature of the crimes in this case warrant the aggravated sentence." West appeals.

2

On August 5, 2016, the State filed a notice of change in West's custodial status. The Kansas Department of Corrections (DOC) released West from custody on April 7, 2015, and discharged him from postrelease supervision on October 7, 2015, making the sentence issue moot. West filed a response to this court's show cause order arguing his illegal sentence issue was not moot.

West first argues his sentence was illegal because the district court improperly classified his prior Missouri convictions as person felonies when calculating his criminal history score. The State argues that West's argument is moot because he has already completed his entire sentence and postrelease supervision

Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). Kansas courts have described the mootness test as a determination of whether ""it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. [Citations omitted.]"" *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy, which recognizes that the role of the court is to ""determine real controversies relative to the legal rights of persons and properties that are actually involved in the particular case properly brought before it and to adjudicate those rights so that the determination will be operative, final, and conclusive."' [Citations omitted]." *Stano v. Pryor*, 52 Kan. App. 2d 679, 682-83, 372 P.3d 427 (2016) (quoting *Hilton*, 295 Kan. at 849).

Prior panels of this court have found illegal sentencing issues moot once the defendant has completed his or her sentence. See, *e.g.*, *State v. Brown*, No. 112,825, 2015

WL 9286987 (Kan. App. 2015) (unpublished opinion); *State v. Tipps*, No. 113,002, 2015 WL 7434683 (Kan. App. 2015) (unpublished opinion); *State v. Lawrence*, No. 113,470, 2015 WL 7434300 (Kan. App. 2015) (unpublished opinion). When the court corrects an illegal sentence, the defendant receives full credit for the time spent in custody under the sentence prior to correction. K.S.A. 22-3504(1). In this case, West has already completely served his sentence, and the DOC has discharged him from postrelease supervision. Any actual controversy over West's sentence has ended, and remanding for resentencing would arguably be ineffectual for any purpose.

West argues the case is not moot because his appeal will determine his correct criminal history score. West relies on *State v. LaMunyon*, 21 Kan. App. 2d 281, 286, 898 P.2d 1182 (1995). In *LaMunyon*, the defendant challenged the classification of one of his prior offenses as a person felony. The *LaMunyon* court held the "appeal of the issue is not moot because of the danger that if he is convicted of another crime, the sentencing court might take judicial notice of the journal entry in [the present] case." 21 Kan. App. 2d at 286. See also *State v. Burton*, No. 89,928, 2003 WL 22479594, at *2 (Kan. App. 2003) (unpublished opinion) (finding defendant's challenge to criminal history score not moot after release from DOC supervision based on *LaMunyon*).

In *State v. Reed*, No. 113,845, 2016 WL 2775148 (Kan. App. 2016) (unpublished opinion), however, the court rejected this argument. The *Reed* court noted "taking judicial notice of a prior criminal history finding is not sufficient to establish a challenged criminal history." 2016 WL 2775148, at *3 (citing K.S.A. 2015 Supp. 21-6814). The court added that if the defendant files a written objection to a criminal history score, the State must produce further evidence to prove the challenged convictions. 2016 WL 2775148, at *3 (citing *State v. Schow*, 287 Kan. 529, 539-40, 197 P.3d 825 (2008). See also *Brown*, 2015 WL 9286987, at *4 ("If Brown is sentenced for a new crime in the future, he can challenge the classification of his pre-1993 burglary convictions at that time."). Thus, this argument does not establish that West's issue is not moot.

4

West also argues his appeal is not moot because a judgment on this issue is necessary to determine whether he may sue his trial counsel for legal malpractice. In *Garcia v. Ball*, 303 Kan. 560, Syl. ¶ 4, 363 P.3d 399 (2015), our Supreme Court held:

> "The exoneration rule applicable to a criminal defendant's claim that his or her attorney's legal malpractice resulted in the defendant serving an illegal sentence requires the defendant to obtain post-sentencing relief from the illegal sentence, but the rule does not require the defendant to prove that he or she was innocent of the crime for which the illegal sentence was imposed."

West argues that if he served prison time that he should not have, he may want to pursue a cause of action against his trial counsel. He can only do this, though, if we determine his sentence was illegal.

"A case is moot when a justiciable controversy no longer exists." *In re A.E.S.*, 48 Kan. App. 2d 761, 764, 298 P.3d 386 (2013). "A justiciable controversy has definite and concrete issues between the parties and 'adverse legal interests that are immediate, real, and amenable to conclusive relief.'" *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). In *Reed*, the court found that the defendant's claim that his sentence was illegal was no longer a justiciable controversy after he completed his sentence, even if the defendant might want to later pursue a legal malpractice action. 2016 WL 2775148, at *3. The court noted that "a justiciable controversy has the characteristic of being, among other things, *immediate. . . .* Whether [the defendant] may at some future date pursue a malpractice claim does not satisfy the element of immediacy." 2016 WL 2775148, at *4. West's claim similarly fails to meet the requirement of immediacy.

On the other hand, in *State v. Good*, No. 113,442, 2016 WL 5344069 (Kan. App. 2016) (unpublished opinion), the court found an illegal sentence issue was not moot even though the DOC had released the defendant. In that case, the defendant argued his appeal

5

was not moot because he needed a judgment that his sentence was illegal in order to sue his attorney for malpractice. He also argued the issue was capable of repetition because of the short underlying prison sentence, and it raised an issue of public importance.

We find *Reed* to be more persuasive. Thus, West's claim that the district court improperly calculated his criminal history score is moot.

Next, West argues the State breached the plea agreement because it paid only "lip service" to its obligation to recommend the mitigated sentence and undermined its recommendation by commenting on West's threat to public safety. Because West has already completed his prison sentence and postrelease supervision, this issue is moot. See, *e.g.*, *Dunn v. State*, No. 104,853, 2011 WL 2206640 (Kan. App. 2011) (unpublished opinion) (finding defendant's claim that the State breached the plea agreement moot because he had completed prison sentence). West does not argue otherwise in his response to this court's show cause order.

In his final issue, West argues the district court violated his rights under *Apprendi* when it sentenced him to an aggravated sentence without proving the aggravating factors to a jury beyond a reasonable doubt. For the reasons stated above, this issue is moot. However, even if we were to consider this issue, West's argument would fail. West acknowledges our Supreme Court has already rejected this argument in *State v. Johnson*, 286 Kan. 824, 849-52, 190 P.3d 207 (2008), and we are duty bound to follow our Supreme Court absent some indication it is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

Dismissed.