No. 114,426

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VACCARO STANO,
*Appellant*,

v.

REX PRYOR,
*Appellee*.

SYLLABUS BY THE COURT

1.

To state a claim for relief under K.S.A. 2015 Supp. 60-1501, a petition must allege shocking and intolerable conduct or continuing mistreatment of a constitutional stature.

2.

Summary dismissal is appropriate if, on the face of the petition, it can be established that the petitioner is not entitled to relief or if, from undisputed facts or from uncontrovertible facts such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists.

3.

In order to establish a claim for a violation of due process in a proceeding pursuant to K.S.A. 2015 Supp. 60-1501, an inmate must establish a deprivation of a recognized liberty or property interest. A small monetary fine constitutes a property interest sufficient to implicate procedural due process. A procedural due process violation is complete at the moment an individual is deprived of a liberty or property interest without being afforded the requisite process.

1

4.

It is a well-established judicial rule that courts do not decide moot questions or render advisory opinions. The mootness doctrine is a court policy which recognizes that the role of a court is to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.

5.

As a general rule, voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot. This exception to mootness exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct.

6.

Voluntary actions may, nevertheless, moot litigation if two conditions are satisfied: (1) It can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Voluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction. The party asserting mootness bears the heavy burden of persuasion.

7.

In this prison disciplinary case, where the warden rescinded the monetary fine that had been imposed on an inmate based on a disciplinary conviction after the inmate filed a habeas corpus petition in district court challenging the disciplinary conviction, the district court erred in granting the warden's motion to dismiss on the grounds that the inmate's petition was moot.

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed April 22, 2016. Reversed and remanded with directions.

*Vaccaro Stano*, appellant pro se.

*Sherri Price*, special assistant attorney general, for appellee.

Before MALONE, C.J., MCANANY and POWELL, JJ.

POWELL, J.:  Vaccaro Stano, an inmate in the Lansing Correctional Facility (LCF), was fined and disciplined for being intoxicated in the shower. After he unsuccessfully challenged his discipline through internal appeals, he filed a habeas corpus petition in the Leavenworth County District Court, claiming violation of his due process rights. The district court ordered an evidentiary hearing on the matter and ordered that Stano be present. Possibly in an effort to avoid the time and cost of litigation, LCF rescinded the fine and then moved to dismiss the case on the grounds that since a property interest was no longer at stake, the case was moot. The district court agreed and summarily dismissed the case for failure to state a claim upon which relief could be granted. Stano now appeals, arguing that LCF cannot moot the case after the fact and deny him his day in court. We agree and, therefore, reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2014, Officer R. Maddox issued Stano a prison disciplinary report, alleging Stano was in a condition of drunkenness, intoxication, or state of altered consciousness, a violation of K.A.R. 44-12-311. On January 7, 2015, following a disciplinary hearing in which Stano cross-examined Maddox, the hearing officer found Stano guilty of the violation and imposed a $10 fine and a 60-day restriction of privileges. Imposition of the 60-day restriction of privileges was suspended. Warden Rex

3

Pryor, and subsequently the secretary of corrections, affirmed the decision and upheld the punishment.

On April 9, 2015, Stano filed a habeas corpus petition pursuant to K.S.A. 2015 Supp. 60-1501, alleging the disciplinary hearing was not timely held, evidence and witnesses were withheld, and there was insufficient evidence to support his conviction. Twelve days later, the district court issued an order directing LCF to produce Stano for an evidentiary hearing on his petition. LCF subsequently filed a motion to dismiss, asserting that Stano had no property or liberty interest at stake because the $10 fine had been rescinded. There is nothing in the record to show that Stano's disciplinary conviction had been vacated or expunged. Stano's response to the motion essentially accused LCF of seeking to deprive him of justice by purposefully mooting the case.

On August 13, 2015, the district court held a hearing and granted LCF's motion to dismiss because Stano's petition failed to state a claim for which relief could be granted. The court did so under the rationale that Stano no longer had a recognized liberty or property interest at stake once LCF rescinded the fine.

Stano timely appeals.

DID THE DISTRICT COURT ERR IN DISMISSING STANO'S PETITION?

Stano argues that his claims were improperly dismissed because the fine originally imposed was a sufficient property interest to support his due process claims regardless of whether the fine was reversed and refunded to him.

To state a claim for relief under K.S.A. 2015 Supp. 60-1501, a petition must allege

4

"shocking and intolerable conduct or continuing mistreatment of a constitutional stature. [Citation omitted.] Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. [Citations omitted.] An appellate court reviews a summary dismissal de novo." *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009).

In order to establish a claim for a violation of due process in a proceeding pursuant to K.S.A. 2015 Supp. 60-1501, an inmate must establish a deprivation of a recognized liberty or property interest. See *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005). A small monetary fine constitutes a property interest sufficient to implicate procedural due process. See *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *cert. denied* 522 U.S. 958 (1997); see also *Smith v. McKune*, 31 Kan. App. 2d 984, 993, 76 P.3d 1060 ("Due process applies to the deprivation of property and inmates have a protected interest in their money. [Citation omitted.]"), *rev. denied* 277 Kan. 925 (2003). Thus, the $10 fine, prior to its rescission, was sufficient to establish a claim for a violation of Stano's rights. However, LCF asserts that once the fine was reversed and refunded, the case was moot as Stano no longer had a recognizable property interest and his petition was properly dismissed. We disagree.

"[A] procedural due process violation is complete at the moment an individual is deprived of a liberty or property interest without being afforded the requisite process." *Burns v. PA Dept. of Correction*, 544 F.3d 279, 284 (3d Cir. 2008). Because the district court granted LCF's motion to dismiss for failure to state a claim, we must view as true Stano's well-pleaded facts and any inferences reasonably drawn from them. See *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013). Therefore, at this stage of the proceedings, we must conclude that Stano's property interest was improperly taken from him without due process. Accordingly, Stano's property interest was infringed the moment LCF imposed the fine. Given that a property interest became implicated at the

5

time the fine was imposed, we must determine whether LCF can moot the case by rescinding the fine.

It is a well-established judicial rule that

"Kansas appellate courts do not decide moot questions or render advisory opinions. [Citation omitted.] . . . [Our Supreme Court] has previously described the mootness doctrine as a court policy, which recognizes that the role of a court is to '"determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive."' [Citations omitted.]" *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

This notwithstanding, "'as a general rule, . . . "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot."' [Citation omitted.]" *Burns*, 544 F.3d at 283 (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 [1979]). "This exception to mootness 'exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct.'" *Ind v. Colorado Dept. of Corrections*, 801 F.3d 1209, 1214 (10th Cir. 2015) (quoting *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 892 [10th Cir. 2008]). "Voluntary actions may, nevertheless, moot litigation if two conditions are satisfied: '(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010) (quoting *Davis*, 440 U.S. at 631); see *Burns*, 544 F.3d at 283; *Robinson v. Cain*, 822 So. 2d 100, 102 (La. App. 2002). "'[V]oluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction.'" *Ind*, 801 F.3d at 1214 (quoting *Rio Grande Silvery Minnow*, 601 F.3d at 1115). The party

asserting mootness, in this case LCF, bears the heavy burden of persuasion. See 801 F.3d at 1214.

In *Burns*, the corrections department encumbered the inmate's funds, allegedly without due process. The Third Circuit Court of Appeals held that given that the violation occurred at the moment the funds were improperly encumbered, the corrections department's later promise—3 years after the fact while the case was on appeal—to refrain from seizing the prisoner's funds did not moot the case. 544 F.3d at 284. The Third Circuit explained that the timing and content of the department's promise gave it "pause in considering whether '"there is no reasonable expectation . . ."' that the alleged violation will recur.'" 544 F.3d at 284 (quoting *Davis*, 440 U.S. at 631). The Third Circuit stated that while it did not believe the department would resume collection efforts, the fact that the department's assurance was provided "exceedingly late in the game" made it "more skeptical of voluntary changes that have been made long after litigation has commenced." 544 F.3d at 284; see also *Whitmore v. Hill*, 456 Fed. Appx. 726, 729 (10th Cir. 2012) (relying on *Burns*, held property interest implicated despite fact none of the fines imposed had been actually deducted because no indication funds would not have been deducted had they not been rescinded during judicial review process).

In light of this authority, when examining the record in this case it is apparent to us that LCF rescinded the fine *precisely to moot the case*. Moreover, when applying the two elements required to moot a case, we agree with Stano that LCF's act of rescinding the fine after a judicial review action had been commenced in the district court was insufficient. Even if we assume that rescinding the fine meets the second element of eliminating the effects of the alleged violation (we note that LCF did not expunge Stano's disciplinary conviction), LCF's act of rescinding the fine only after litigation was commenced and only after the district court had ordered Stano's presence in court fails to satisfy the first element—that is, it fails to give us a reasonable expectation that such an occurrence would not recur. In fact, if we were to allow the rescission of a fine in such

7

situations to moot a case after it has been filed, it would seem to have the opposite effect and give every correctional facility in the state an incentive to impose a fine in a disciplinary case, safe in the knowledge that any court action brought by an inmate to challenge such fine could be mooted. This strikes us as intolerable. In our view, every correctional facility must be convinced of the appropriateness of imposing a fine on an inmate before doing so, and such facility should not be allowed to retreat simply because the inmate files a lawsuit.

Accordingly, we reverse the district court's dismissal and remand the matter for a determination of whether Stano's due process rights were violated.

Reversed and remanded.