NOT DESIGNATED FOR PUBLICATION

No. 112,855

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LANDON STECKLEIN,
*Appellant,*

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed October 14, 2016. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Ted E. Smith*, of Legal Services Bureau, of Kansas Department of Revenue, for appellee.

Before MALONE, C.J., SCHROEDER, J., and WALKER, S.J.

*Per Curiam*: Landon Stecklein appeals the district court's decision to affirm the administrative decision suspending his driver's license for refusing to consent to blood-alcohol testing pursuant to the Kansas Implied Consent Law, K.S.A. 2015 Supp. 8-1001 *et seq.* Stecklein briefs his appeal based on the officer obtaining a search warrant after his refusal and subsequent test failure. The district court decided the case, as did the administrative law judge, on the basis of a test refusal and not a test failure. Stecklein's brief fails to brief the issue of a test refusal. We affirm.

1

The facts in this case are undisputed. On January 31, 2014, a vehicle was involved in a hit and run accident. A witness provided a description of the vehicle, including the tag number, which belonged to Landon Stecklein. Sheriff's deputies located the vehicle moments later in the Wellington Wal-Mart parking lot. Stecklein was in the driver's seat and, although the keys were not in the ignition, the vehicle's hood was warm, indicating it had recently been on.

An odor of alcohol emanated from the vehicle, Stecklein's speech was slurred, and his eyes were bloodshot and watery. When Stecklein exited the vehicle, he was unsteady on his feet and nearly fell down. Stecklein admitted to consuming alcohol approximately 30 minutes prior.

The deputy asked Stecklein to submit to field sobriety testing, and Stecklein refused. He was arrested and transported to the Sumner County Jail. At the jail, Stecklein was again asked to submit to testing, and he again refused. Following Stecklein's refusal, the deputy applied for, and was granted, a search warrant to draw Stecklein's blood. A medical professional drew Stecklein's blood. The DC-27 form indicated Stecklein refused to submit to and complete testing requested by a law enforcement officer.

At the administrative hearing, the Kansas Department of Revenue suspended Stecklein's driving privileges based upon his test refusal. Stecklein petitioned for review of the administrative action to the district court. The parties stipulated to the facts, and both parties submitted proposed conclusions of law. The district court found the compelled blood draw did not invalidate the prior refusal, and it affirmed the administrative order suspending Stecklein's driver's license. Stecklein timely appealed.

ANALYSIS

*By failing to brief the issue, Stecklein abandoned any argument regarding the district court's error in affirming the administrative order.*

The administrative hearing officer found Stecklein refused to submit to and complete a test as requested by a law enforcement officer and affirmed the administrative decision to suspend Stecklein's driving privileges. On review, the district court determined the warrant-compelled blood draw did not invalidate the deputy's determination that Stecklein refused to submit to a requested evidentiary breath test. Accordingly, the district court affirmed the administrative order suspending Stecklein's driver's license.

On appeal, Stecklein does not argue the administrative hearing officer erred when she found he refused to submit to and complete a test as requested by a law enforcement officer. Similarly, Stecklein does not argue the district court erred when it determined the blood draw pursuant to a warrant did not invalidate his prior refusal to submit to a requested evidentiary breath test. Issues not briefed by the appellant are deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). Stecklein has abandoned these issues.

Since the district court affirmed the administrative order suspending Stecklein's license for refusal to submit to a test as requested by a law enforcement officer instead of a test failure, the arguments Stecklein raises in his brief are moot. Stecklein simply argues the wrong issue in his brief. As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. *Stano v. Pryor*, 52 Kan. App. 2d 679, 682-83, 372 P.3d 427 (2016). The district court's affirmation of the administrative order is affirmed.

Affirmed.