NOT DESIGNATED FOR PUBLICATION

No. 115,963

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONALD YOUNG,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed February 10, 2017. Affirmed.

*Donald C. Young*, appellant pro se.

*Fred W. Phelps, Jr.*, of Kansas Department of Corrections, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

*Per Curiam*: Donald Young received a disciplinary report at El Dorado Correctional Facility (EDCF) for committing a lewd act, a violation of K.A.R. 44-12-315. After a hearing, the hearing officer found Young guilty. Young filed a K.S.A. 60-1501 petition challenging the conviction. The district court summarily dismissed his petition. Young appeals, arguing he did not receive an impartial hearing or an adequate statement of the hearing officer's findings, and there was not sufficient evidence to support his conviction.

1

On October 1, 2015, Young received a written disciplinary report at EDCF for a lewd act, a violation of K.A.R. 44-12-315. According to the report, Officer Englebrecht saw Young standing on a desk in his cell masturbating as she was taking another inmate to his cell. A short time later, she brought another inmate up to his cell and saw Young doing the same thing. A signature on the report indicated someone had served the report to Young, but there was no signature indicating he had received it. A note in the report said someone served Young with the report, but he refused to sign it. A not guilty plea was entered on his behalf.

Young's disciplinary hearing took place on October 6 and 7, 2015. Young testified he was talking to another inmate through the vent when he jumped down and saw Officer Englebrecht taking an inmate to another cell. He also saw Officer Alman in the control area, and pressed a button to get his attention. Young saw Officer Englebrecht come by again. He later talked to Officer Alman who, according to Young, told him to call him as a witness because he knew Young had not been masturbating.

At the hearing, Young questioned Officer Englebrecht. She said that the first time she saw Young she was standing at cell 209, and the second time she was standing at cell 211. She also said that Young's genitals were exposed and he was masturbating. The hearing was continued to allow Officer Alman to testify.

The next day, Young questioned Officer Alman. Officer Alman said he was working control on the day of the incident. He did not have a clear view into Young's cell and would not have been able to see if Young was standing on his desk. Officer Alman said he would be able to see Young if he was standing at the door to his cell.

The hearing officer, Lieutenant McGuire, also questioned Officer Alman. Officer Alman told the hearing officer that he could not have seen Young if Young was masturbating. He also said it was possible Young could have been masturbating. Officer

2

Englebrecht was sworn in again. She testified she was at cells 209 and 211, and the light was on at the time.

Lieutenant McGuire found Young guilty of a lewd act. He imposed a sanction of 30 days in disciplinary segregation and a $15 fine. In a space labeled "reason for sanctions," McGuire wrote "sentencing guidelines." The warden approved McGuire's decision.

Young filed an appeal with the Kansas Department of Corrections, but the Secretary approved the hearing officer's decision. On December 7, 2015, Young filed a petition pursuant to K.S.A. 60-1501 in district court. He alleged Lieutenant McGuire failed to provide an impartial hearing because he ignored exculpatory evidence and misrepresented Officer Alman's testimony. He also alleged Lieutenant McGuire did not provide him with an adequate written statement of the factual findings supporting the disciplinary action.

The district court summarily dismissed Young's K.S.A. 60-1501 petition. The court checked a box on the form order that stated: "Disciplinary segregation, in itself does not implicate constitutional rights. The Court sees no violation of protected liberty interests. There is nothing atypical about petitioner's confinement." Next to that, the court handwrote: "Some evidence supports conviction. Court will not reweigh evidence or assess veracity of witnesses. Evidence of R/O was assessed by hearing officer. Court will not second guess HO."

Young filed a motion to reconsider on March 16, 2016. He also filed a motion requesting Judge Sanders recuse himself. Young alleged that Judge Sanders had family members who worked for the EDCF, and this caused him to be biased. The district court denied Young's motion to recuse, noting "[Young's] claim that judge has family working for KDOC is false." The court denied Young's motion to reconsider. Young appeals.

Young argues the district court erred in dismissing his petition for failure to state a claim. He contends he did not receive an impartial hearing because Lieutenant McGuire misrepresented the testimony of Officer Alman and ignored exculpatory evidence. He also asserts Lieutenant McGuire did not provide an adequate written statement of his findings.

The State argues the district court did not err because the face of Young's petition established he was not entitled to relief. According to the State, Young's hearing was impartial, and his accusations of bias are self-serving. Furthermore, while Lieutenant McGuire's written findings were not extensive, they were sufficient for due process purposes.

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2015 Supp. 60-1503(a). An appellate court exercises unlimited review of a summary dismissal. 289 Kan. at 649. "In reviewing a trial court's order dismissing a petition for failure to state a claim upon which relief can be granted, an appellate court is required to accept the facts alleged by the plaintiff as true." *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

In analyzing whether the State has denied a petitioner due process in a disciplinary hearing, the court applies a two-step analysis. "First, the court must determine whether the State has deprived the petitioner of life, liberty, or property. If so, the court next determines the extent and the nature of the process due." *Johnson*, 289 Kan. 642, Syl. ¶ 3. "The question of whether an individual's constitutional rights have been violated is a

4

question of law over which an appellate court exercises unlimited review." 289 Kan. 642, Syl. ¶ 3.

In its order summarily dismissing Young's petition, the district court noted that "[d]isciplinary segregation, in itself does not implicate constitutional rights," and it "[saw] no violation of protected liberty interests." The district court is correct that there is no liberty interest in disciplinary segregation. *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *cert. denied* 522 U.S. 958 (1997). Young, however, also had to pay a $15 fine. Monetary fines, even small ones, constitute a property interest sufficient to implicate procedural due process. *Stano v. Pryor*, 52 Kan. App. 2d 679, 682, 372 P.3d 427 (2016).

Moving to the second part of the analysis, our Supreme Court has recognized that the full array of rights due a defendant in criminal proceedings does not apply in prison disciplinary proceedings. *Hogue v. Bruce*, 279 Kan. 848, 851, 113 P.3d 234 (2005) (citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 [1974]). Inmates do have some rights in disciplinary hearings, however, including: "an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence." *In re Pierpont*, 271 Kan. 620, 627, 24 P.3d 128 (2001).

Young first argues that Lieutenant McGuire did not provide an impartial hearing. In support of his argument, he claims Lieutenant McGuire misrepresented Officer Alman's testimony in the disciplinary report. According to Young, Officer Alman testified Young was ringing into control and coming to his door at the same time Officer Englebrecht was standing at cells 209 and 211. McGuire did not include this in the recorded testimony. McGuire then asked if Officer Alman would have been able to see Young if Young was masturbating. Young claims Officer Alman responded he could not,

5

but he knew Young was not masturbating because he saw him standing at his door. This statement is not in the recorded testimony. Young also claims McGuire added that Officer Alman had said Young could have been masturbating.

Young also asserts that McGuire ignored exculpatory evidence. According to Young, McGuire walked from cell 211 to cell 209 while Young stood on his desk in order to determine if he could see Young from those vantage points. Young claims McGuire agreed that he could not see Young in his cell. McGuire found Young guilty anyway, though, based on Englebrecht's testimony. This information was not included in the report.

The State argues that Young has presented nothing more than "his own self-serving assessment of the hearing," and is not entitled to relief. The State notes that the hearing record indicates "a detailed hearing was conducted, with several witnesses, considerable testimony, cross-examinations and conclusions reached." The State is correct that Young, Officer Englebrecht, and Officer Alman all testified at the hearing and that Young was able to cross-examine Officer Englebrecht. The hearing was also continued in order to allow Officer Alman to testify.

We agree with the State that Young has presented nothing more than his own conclusory allegations to support his claim that McGuire did not provide an impartial hearing and that he ignored exculpatory evidence. The record reflects that Young received adequate notice of the charge against him. Young received a hearing in which three witnesses testified and all the witnesses were subject to cross-examination. The hearing was even continued once to allow Alman to testify. Alman's testimony was equivocal as to what he actually could see in Young's cell. McGuire weighed all the evidence and found Young guilty of committing a lewd act. Although Young disagrees with McGuire's decision, the record does not support his claim that McGuire did not

6

provide an impartial hearing and that he ignored exculpatory evidence. Thus, the district court did not err in summarily dismissing this claim.

Young further claims that Lieutenant McGuire did not provide an adequate statement of the factual findings supporting his decision to find him guilty. He asserts Lieutenant McGuire did not explain why he believed Officer Englebrecht's testimony over the testimony of Officer Alman, Young, and his own determination that he could not see into Young's cell from cells 209 or 211.

The "Testimony" page attached to Young's petition contains a few questions and answers from the testimony of all three witnesses—Young, Officer Englebrecht, and Officer Alman. McGuire did not include any factual findings apart from the summary of the evidence, nor did he indicate the reasons for his decision. The better practice would likely have been for McGuire to provide a more detailed statement of his factual findings and the reasons for his conclusion. *Bruhn v. Heimgartner*, No. 112,699, 2015 WL 3875395, at *6 (Kan. App. 2015) (unpublished opinion). Nevertheless, this court has found similarly sparse reports meet the standard for due process, even when there were other due process violations. See *Conklin v. Heimgartner*, No. 114,585, 2016 WL 4161358, at *4 (Kan. App. 2016) (unpublished opinion); *Young v. Heimgartner*, No. 114,603, 2016 WL 1169516, at *5 (Kan. App. 2016) (unpublished opinion) (*Young I*); *Bruhn*, 2015 WL 3875395, at *6-7. The key inquiry is whether the report demonstrates a nonarbitrary basis for the hearing officer's decision. *Young I*, 2016 WL 1169516, at *5.

For example, the court in *Young I*, found that Young's hearing had not been impartial because the hearing officer, Lieutenant McGuire, did not allow Young to cross-examine one of the witnesses, Clouser. As to Young's claim that the statement of findings was inadequate, however, the court noted:

7

"McGuire's hearing report includes a summary of the evidence from Young and Clouser, as well as a partial summary, but not a disposition, of Young's motion to dismiss. It does not list any factual findings apart from the evidence or specifically identify the reasons for McGuire's decision. The report, however, does contain sufficient information to provide some evidence supporting the hearing officer's decision—namely Clouser's testimony, and, while brief, it demonstrates that there was a nonarbitrary basis for the decision. See *Shepherd*, 14 Kan. App. 2d at 339 (noting that a statement of reasons can be brief, but must be sufficient to demonstrate on review that the hearing officer's decision was not arbitrary). As such, summary dismissal was appropriate for this claim." *Young I*, 2016 WL 1169516, at *3.

The hearing report in this case demonstrated a nonarbitrary basis for Lieutenant McGuire's decision. Officer Englebrecht testified that she saw Young standing on the desk in his cell and masturbating on two occasions. Because this provides some evidence to support Lieutenant McGuire's decision, summary dismissal is appropriate for this claim.

Young also argues there was insufficient evidence of his disciplinary violation. He raises this argument for the first time on appeal. He does not argue why we should hear this argument for the first time on appeal. While appellate courts generally do not hear issues raised for the first time on appeal, Young's assertion arguably meets the exception that consideration of his argument is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

A challenge to the sufficiency of the evidence in a prison disciplinary proceeding is reviewed for "'some evidence'" to support the correctional tribunal. Determining whether this standard is satisfied does not require the reviewing court to examine the entire record, make an independent assessment of witness credibility, or reweigh the evidence. The relevant question is whether there is any evidence in the record to support the conclusion reached by the disciplinary authority. *May v. Cline*, 304 Kan. ___, ___,

8

372 P.3d 1242 (2016) (quoting *Simmons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 [1999]).

There was some evidence of Young's disciplinary violation. Officer Englebrecht wrote in her report, and testified at the hearing, that she saw Young standing on his desk masturbating on two occasions. While the evidence in this case is not overwhelming, even meager evidence may be sufficient as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *McKune*, 23 Kan. App. 2d at 808.

Affirmed.