No. 117,989

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LINUS BAKER,
*Appellant*,

v.

CALVIN HAYDEN, et al.
*Defendants*,

and

KATHERINE STOCKS, in her capacity as Official Custodian of Records
for the TENTH JUDICIAL DISTRICT,
*Appellee*.

SYLLABUS BY THE COURT

1.

Although Kansas appellate courts generally do not decide moot questions or render advisory opinions, an exception can be made where a moot issue is capable of repetition and raises concerns of public importance.

2.

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. The principles of statutory construction also apply to construction of Kansas Supreme Court rules.

3.

Subject to certain exceptions, the Kansas Open Records Act requires all public records to be open for inspection. Court records are generally open public records. A court record includes an electronic recording documenting a court proceeding.

4.

One exception to the Kansas Open Records Act disclosure requirement is public records, the disclosure of which is specifically prohibited or restricted by Kansas Supreme Court rules.

5.

There is no language in Kansas Supreme Court Rule 362 (2018 Kan. S. Ct. R. 407) that could be construed as specifically prohibiting or restricting access to audio recordings of open court proceedings, which is required by the Kansas Open Records Act to qualify as an exception to disclosure.

6.

There is no language in K.S.A. 2017 Supp. 45-219(a) that could be construed as specifically prohibiting or restricting access to audio recordings of open court proceedings, which is required by the Kansas Open Records Act to qualify as an exception to disclosure.

7.

There is no language in K.S.A. 2017 Supp. 45-221(a)(20) that could be construed as specifically prohibiting or restricting access to audio recordings of open court proceedings, which is required by the Kansas Open Records Act to qualify as an exception to disclosure.

8.

The court shall award costs and a reasonable sum as attorney fees for services rendered in a Kansas Open Records Act action, including proceedings on appeal, if the court finds that the agency's denial of access to the public record was not in good faith and without a reasonable basis in fact or law.

Appeal from Johnson District Court; ROBERT W. FAIRCHILD, judge. Opinion filed April 6, 2018. Reversed.

*Linus L. Baker*, appellant pro se.

*Stephen Phillips*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

*Stephen Douglas Bonney* and *Nolan Wright*, legal intern, of ACLU Foundation of Kansas, of Overland Park, for amicus curiae ACLU Foundation of Kansas.

Before ARNOLD-BURGER, C.J., STANDRIDGE and BRUNS, JJ.

STANDRIDGE, J.: Attorney Linus Baker filed a request under the Kansas Open Records Act (KORA), K.S.A. 45-215 et seq., with Katherine Stocks, the Court Administrator for the Tenth Judicial District, asking to inspect and copy digital audio recordings from court proceedings in a case in which he was neither a party nor counsel for a party. After the request was denied, Baker brought an action against Stocks, alleging that she had violated the KORA as well as his common-law and constitutional rights to access the audio recordings. The district court granted Stocks' motion to dismiss, holding that the recordings were exempt from disclosure under the KORA and specifically under Kansas Supreme Court Rule 362 (2018 Kan. S. Ct. R. 407). But neither the KORA nor Rule 362 specifically prohibit or restrict the disclosure of audio recordings of open court proceedings; thus, the digital audio recordings requested by Baker were open public records under the KORA. Accordingly, we find the district court erred by shielding the audio recordings from disclosure.

FACTS

On September 2, 2015, Johnson County Sheriff's Department officials went to Baker's residence to serve a temporary order of protection from abuse (PFA) on Baker's

3

adult daughter. When the officials arrived at the scene, one of the sheriffs picked up Baker's granddaughter after mistakenly assuming that she was a child referenced in the custody portion of the PFA order.

On September 30, 2015, Baker faxed an open records request to the Johnson County District Court, asking to inspect and copy audio files from two open court hearings that had occurred in the PFA case on September 4, 2015, and September 8, 2015. Baker was neither a party in the PFA case nor counsel for a party in the PFA case. After making his request, Baker exchanged a series of phone calls with Stocks, who informed Baker on multiple occasions that audio recordings were exempt from disclosure under the KORA but written transcripts were not; thus, Stocks advised Baker to submit a request for a court reporter to transcribe the audio recordings of the two hearings. When Baker continued to insist that he was entitled to the audio recordings, Chief Judge Kevin P. Moriarty denied Baker's request. Baker e-mailed Stocks to ask for reconsideration of his request, and they exchanged several e-mails, which once again resulted in Stocks informing Baker that the audio recordings were exempt from disclosure under the KORA but written transcripts were not; therefore, Baker should request written transcripts of the proceedings.

On January 3, 2017, Baker filed a pro se petition against various Johnson County officials, alleging violations of 42 U.S.C. § 1983 (2016) and state law claims of trespass, false arrest and imprisonment, assault, and battery based on the September 2, 2015 incident at his residence. Relevant to this appeal, Baker also named Stocks as a defendant, alleging that her refusal to provide him with the requested audio recordings violated: (1) the KORA, (2) Baker's common-law right to judicial records, and (3) his constitutional right to due process and equal protection under the Fourteenth Amendment to the United States Constitution and his right to access public information under the First Amendment to the United States Constitution. Baker requested declaratory and injunctive relief, compensatory damages, attorney fees, and costs.

4

In response, Stocks filed a motion to dismiss. Stocks argued, in relevant part, that (1) audio recordings of court hearings were not subject to disclosure under the KORA or Supreme Court rules, (2) Baker had no common-law or constitutional right to access the audio recordings, (3) Baker's request to access the audio recordings was moot because counsel already had provided the recordings to Baker in response to a discovery request, and (4) Baker was not entitled to attorney fees.

The district court granted Stocks' motion to dismiss. The court found the audio recordings were exempt from disclosure under the KORA and Kansas Supreme Court Rule 362. The court further found that Baker had no constitutional or common-law right to listen to the audio recordings, that Baker's claims were moot because Stocks already had provided Baker with a copy of the requested recordings, and that Baker was not entitled to attorney fees because Stocks' decision to deny Baker's KORA request was made in good faith and therefore was proper. The district court certified its ruling as a final judgment under K.S.A. 2017 Supp. 60-254(b).

Baker timely appeals. This court permitted the American Civil Liberties Union (ACLU) to file a brief as amicus curiae.

ANALYSIS

1. *Mootness*

The district court held that Baker's claims were moot because Stocks already had provided Baker with the requested audio recordings. A case is moot when the controversy between the parties has ended and any judgment of the court would be ineffective. *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 454, 172 P.3d 1154 (2007). As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. *Skillett v. Sierra*, 30 Kan. App. 2d 1041, 1046, 53 P.3d 1234 (2002). Because

the mootness doctrine is a court-made doctrine and is not jurisdictionally based, it is amenable to exceptions. *State v. Montgomery*, 295 Kan. 837, Syl. ¶ 2, 286 P.3d 866 (2012). One commonly applied exception is the circumstance where a moot issue is capable of repetition and raises concerns of public importance. Because mootness is a doctrine of court policy, our review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

The parties agree that after Baker filed the present action, Stocks provided him with the requested audio recordings. We find, however, that this fact alone does not render the case moot because the issue here is one that is both capable of repetition and involves public importance. Voluntary cessation of illegal activity may moot litigation if "'(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" See *Stano v. Pryor*, 52 Kan. App. 2d 679, 683, 372 P.3d 427 (2016). Although Stocks ultimately provided Baker with the audio recordings he sought, it appears she only did so pursuant to the rules of discovery. Stocks continues to advance the argument that Baker was not entitled to the recordings under the KORA. Thus, the question of whether audio recordings of open court proceedings are available to the public under the KORA is an issue capable of repetition. In addition to being capable of repetition, this issue involves public importance, meaning "'something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals.'" *Hilton*, 295 Kan. at 851. The right of the public to obtain audio recordings of court proceedings clearly involves a matter of public importance. For both of these reasons, we find Baker's claims are not moot.

2. *Motion to dismiss*

Baker argues the district court erred by granting Stocks' motion to dismiss. Specifically, Baker claims that the district court improperly relied on Supreme Court Rule 362 in holding that the recordings were exempt under the KORA and that the court's ruling otherwise violated his common-law and constitutional rights of access to court records. Baker also maintains that he is entitled to attorney fees as a result of Stocks' unlawful denial of access to the recordings. In its amicus curiae brief, the ACLU argues that the public and the press have a common-law right to inspect and obtain copies of electronic recordings of court proceedings.

a. *Standard of review*

We review a district court's decision to grant a motion to dismiss independently, with no required deference to the district court. *Platt v. Kansas State University*, 305 Kan. 122, 126, 379 P.3d 362 (2016). We view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them; if those facts and inferences state any claim upon which relief can be granted, then the dismissal was improper. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

The issues presented to the court require us to construe statutes enacted by the Kansas Legislature and rules adopted by the Kansas Supreme Court. The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading

something into the statute that is not readily found in its words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). The principles of statutory construction also apply to construction of Supreme Court rules. If the language of a Supreme Court rule is clear, courts are bound by the rule's language. *Kansas Judicial Review v. Stout*, 287 Kan. 450, 460, 196 P.3d 1162 (2008).

Determining whether the district court correctly applied the KORA and a particular KORA exception to disclosure is a question of law involving interpretation of statute. *Wichita Eagle & Beacon Publishing Co. v. Simmons*, 274 Kan. 194, Syl. ¶¶ 3, 14, 50 P.3d 66 (2002); *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 416, 997 P.2d 681 (2000). The KORA's exceptions to disclosure are to be narrowly interpreted, and the burden is on the public agency opposing disclosure. *Telegram Publishing Co. v. Kansas Dept. of Transportation*, 275 Kan. 779, 785, 69 P.3d 578 (2003); *Wichita Eagle & Beacon Publishing Co.*, 274 Kan. 194, Syl. ¶ 3.

b. *The Kansas Open Records Act*

The KORA, K.S.A. 45-215 et seq., was passed by the Legislature "to ensure public confidence in government by increasing the access of the public to government and its decision-making processes." *Data Tree v. Meek*, 279 Kan. 445, 454, 109 P.3d 1226 (2005). The Legislature has declared it to be "the public policy of the state that public records shall be open for inspection by any person unless otherwise provided by this act." K.S.A. 45-216(a). The Legislature also directed that the KORA "shall be liberally construed and applied to promote such policy." K.S.A. 45-216(a).

To that end, K.S.A. 45-218(a) provides:  "All public records shall be open for inspection by any person, except as otherwise provided by this act." The right to inspect also generally includes a right to copy. See K.S.A. 2017 Supp. 45-219(a) ("Any person may make abstracts or obtain copies of any public record to which such person has access

8

under this act."). K.S.A. 2017 Supp. 45-221(a), which contains the statutory exceptions to disclosure, sets out in detail 55 categories of records that public agencies are not required to disclose. Significantly, the KORA does not prohibit disclosure of records contained within these exceptions but instead makes their release discretionary with the agency's official records custodian. *Harris Enterprises, Inc. v. Moore*, 241 Kan. 59, 63-64, 734 P.2d 1083 (1987).

In denying Baker access to the audio recordings he sought, the district court relied on K.S.A. 2017 Supp. 45-221(a)(1), which provides, in relevant part, that a public agency is not required to disclose "[r]ecords the disclosure of which is specifically *prohibited* or *restricted* by federal law, state statute or rule of the Kansas supreme court." (Emphasis added.) The district court held that Stocks was not required to disclose the recordings sought by Baker because the recordings were prohibited or restricted from disclosure by Supreme Court Rule 362. Rule 362 provides:

"Written transcripts of electronic recordings shall be prepared by court personnel under the direction of the clerk of the district court. The person making the transcript shall certify under seal of the court that the transcript is a correct transcript of the specified proceedings as recorded. Upon request of counsel, the clerk of the district court shall make arrangements for counsel to review the electronic recordings of the case involved. The clerk may correct a transcript of recorded proceedings upon stipulation by counsel or upon order of the court." 2018 Kan. S. Ct. R. 407.

The district court construed the language in Supreme Court Rule 362 as restrictive in nature, limiting access to any electronic recording of a court proceeding to only (1) counsel of record (2) for the sole purpose of determining the accuracy of a transcript prepared by a court reporter based on the electronic recording:

"[Supreme Court Rule 362] provides that the counsel of record in the recorded proceeding may ask the court clerk to permit counsel to review the electronic recording

9

of the case involved. The purpose of this review is to allow counsel to determine the accuracy of the prepared transcript and to permit the person certifying the transcript to correct any errors that the parties or court determine exist in the transcript.

"Neither the court rules nor the statutes provide for any other situation under which an individual can obtain access to the original electronic recording of the proceedings. A person may obtain a transcript of the proceedings by following the procedure set out in the Supreme Court Rules, including payment of the cost of preparation of the transcript.

. . . .

"The Kansas Supreme Court rules provide a reasonable procedure for access to the record of court proceedings. Those rules are an exception to the KORA. The court finds that the KORA exempts the recording Baker seeks from disclosure other than [b]y using the procedure for requesting a transcript described in the court rules."

Stocks asks us to affirm the district court. But to do so, we would have to find that the Kansas Supreme Court intended the use of electronic recordings in courtrooms to be limited to helping the court reporter prepare a transcript and assisting counsel to correct any transcription error. Construing Rule 362 in the manner suggested by Stocks is not only contrary to the clear and unambiguous language used by the Supreme Court in the rule, but also is incompatible with the framework within which the Supreme Court categorized the rule.

Because this section of our opinion involves application of the KORA and then, in turn, a Supreme Court rule, we find it helpful to undertake a step-by-step analysis. We begin with the KORA. Subject to certain exceptions, the KORA requires all public records to be open for inspection. See K.S.A. 45-218(a). Court records are generally open public records. See *Stephens v. Van Arsdale*, 227 Kan. 676, 686-88, 608 P.2d 972 (1980). A court record includes:

"(1)　all original papers and exhibits filed in the district court;
"(2)　the court reporter's notes and transcripts of all proceedings;

10

"(3)  *any other court authorized record of the proceedings, including an electronic recording*; and

"(4)  the entries on the appearance docket in the district court clerk's office." (Emphasis added.) Kansas Supreme Court Rule 3.01(a) (2018 Kan. S. Ct. R. 19).

Public agencies are not required to disclose "[r]ecords the disclosure of which is *specifically prohibited or restricted by* . . . rule of the Kansas supreme court." (Emphasis added.) K.S.A. 2017 Supp. 45-221(a)(1). In turn, Rule 362 provides that "[u]pon request of counsel, the clerk of the district court shall make arrangements for counsel to review the electronic recordings of the case involved. The clerk may correct a transcript of recorded proceedings upon stipulation by counsel or upon order of the court." (2018 Kan. S. Ct. R. 407.) Although there is language in this rule that could be construed as compulsory ("shall make arrangements"), there is no language in the rule that could be construed as prohibitory or restrictive, as required by the KORA to qualify as an exception to disclosure. In sum, we find no indication from the plain and unambiguous language used in the rule from which we can conclude that our Supreme Court intended to prohibit or restrict public access to electronically recorded hearings of open court proceedings.

Our finding in this regard is supported by the Supreme Court's decision not to mention or refer to the KORA in Rule 362. This decision is notable given that the KORA is specifically referenced in other Supreme Court rules. See Supreme Court Rule 1.03(h) (2018 Kan. S. Ct. R. 2) (governing administration of KORA for public records maintained by district and appellate courts); Supreme Court Rule 106(d)(4) (2018 Kan. S. Ct. R. 167) (Subject to certain exceptions, "marriage licensing documents in the custody of a district court are confidential and are not subject to disclosure under the Kansas Open Records Act, K.S.A. 45-215 *et seq.* . . . Marriage licensing documents created before October 1, 2015, may be closed in whole or in part by redaction at the discretion of the chief judge of a judicial district or in accordance with an applicable exception to

11

the Kansas Open Records Act."); Supreme Court Rule 167 (2018 Kan. S. Ct. R. 216) ("A juror questionnaire is not a public record under the Kansas Open Records Act."); Supreme Court Rule 196(a)(10) (2018 Kan. S. Ct. R. 229) (defining the term "'Records officer'" as "the person responsible for safeguarding the access under the Kansas Open Records Act . . . to records held by a court"); Supreme Court Rule 1102(b) (2018 Kan. S. Ct. R. 571-72) ("For purposes of complying with the Kansas Open Records Act, K.S.A. 45-215 *et seq.*, the public information director for the Kansas Supreme Court is the official custodian of all district judicial nominating commission records, and the clerk of the Kansas appellate courts is the official custodian of all Supreme Court nominating commission records.").

As noted above, construing Rule 362 as an across-the-board restriction and prohibition against the public accessing electronic recordings of open court proceedings also is incompatible with the framework within which the Supreme Court categorized the rule. The Kansas Supreme Court has authority to adopt administrative rules and policies for all courts of this state. K.S.A. 20-101 (citing section 1 of article 3 of the Kansas Constitution). The Kansas Supreme Court has organized the rules it adopted into the following categories:

- Rules Relating to Supreme Court, Court of Appeals, and Appellate Practice
- Rules Relating to District Courts
- Rules Relating to Discipline of Attorneys
- Rules Relating to the State Board of Examiners of Court Reporters
- Required Continuing Judicial Education
- Rules Relating to Judicial Conduct
- Rules Relating to Admission of Attorneys
- Rules Relating to Continuing Legal Education
- Rules Relating to Mediation
- Media Coverage of Judicial Proceedings
- Rules Relating to Judicial Nominating Commission
- Rules Relating to Certification and Education (Municipal Court Judges)
- Rule Relating to the Child Support Guidelines Advisory Committee

- Rule Relating to Access to Justice Committee
- Rule Relating to Alternative Dispute Resolution Council
- Rule Relating to Supreme Court Task Force on Permanency Planning
- Rules Relating to Language Access

Significantly, Rule 362, which the district court found to be a specific restriction and prohibition against disclosure of electronic recordings of open court proceedings, is not categorized as a general rule relating to the district courts but instead is categorized as a subsection within the Rules Relating to the State Board of Examiners of Court Reporters:

- ***Rules Relating to the State Board of Examiners of Court Reporters***
  - Rule 301 State Board of Examiners of Court Reporters
  - Rule 302 Membership—Appointment
  - Rule 303 Organization—Quorum
  - Rule 304 Duties and Powers; Immunity
  - Rule 305 Meetings
  - Rule 306 Rules
  - Rule 307 Application—Examination Fee
  - Rule 308 Examination
  - Rule 309 Issuance of Certificates
  - Rule 310 Title and Right to Its Use; Annual Renewal of Certificate
  - Rule 311 Suspension or Revocation
  - Rule 312 Temporary Certificate
  - Rule 313 Fund—Expenses
  - Rules 350-359 Official Court Reporters
  - Rules 360-366 Electronic Recording—Transcripts
    - Rule 360 Recording Equipment
    - Rule 361 Identification of Transcripts
    - ***Rule 362 Corrections of Transcripts***
    - Rule 363 Electronic Transcript
    - Rule 364 Clerk of the Court Duties
    - Rule 365 Orders for Transcripts

That Rule 362 is categorized as one adopted by the State Board of Examiners of Court Reporters is further support for our finding that the Supreme Court did not intend Rule 362 to constitute a sweeping prohibition and restriction of public access to electronically

recorded hearings of open court proceedings. Rather than prohibiting or restricting access to electronic recordings created, Rule 362 provides a framework for counsel to access electronic recordings after a court reporter has transcribed the hearing. A rule relating to court reporters that permits counsel to access electronic recordings to determine the accuracy of the prepared transcript stands in stark contrast to a broad rule enacted by the Kansas Supreme Court that specifically prohibits and restricts public access to all electronic recordings of proceedings under the KORA.

Although not discussed by the district court, Stocks and the ACLU both suggest that the recordings sought by Baker were exempt under another KORA provision, K.S.A. 2017 Supp. 45-219(a). This statute provides, in relevant part:

"A public agency shall not be required to provide copies of radio or recording tapes or discs, video tapes or films, pictures, slides, graphics, illustrations or similar audio or visual items or devices, unless such items or devices were shown or played to a public meeting of the governing body thereof." K.S.A. 2017 Supp. 45-219(a).

But a plain and unambiguous reading of the statute indicates that the audio-visual items referenced in K.S.A. 2017 Supp. 45-219(a) are akin to items that might be introduced or admitted as exhibits in a court proceeding. In that context, a court would only be required to provide copies of these items if they were shown or played in a public court proceeding. The language in K.S.A. 2017 Supp. 45-219(a) referencing "similar audio or visual items or devices" cannot be read to include an audio recording of the court proceeding itself. See *Ullery*, 304 Kan. at 409 (when statute is plain and unambiguous, appellate court should refrain from reading something into statute that is not readily found in its words). In any event, K.S.A. 2017 Supp. 45-219(a) only refers to the public's right to copy the listed items and does not in any way prohibit the public's ability to inspect them.

14

Finally, Stocks alleges that the audio recordings were not subject to mandatory disclosure under the KORA because they are considered part of the court reporter's notes. See K.S.A. 2017 Supp. 45-221(a)(20) (exempting notes from disclosure). This argument is unpersuasive because this case does not involve a recording by a court reporter to be used as notes to assist in preparation of a transcript of the proceedings. Again, a court reporter may use an electronic recording of a court proceeding to assist in the preparation of a transcript. But an audio recording of open court proceedings—as we are dealing with in this case—does not fall into the category of court reporter's notes. See Supreme Court Rule 3.01(a)(2) and (3) (2018 Kan. S. Ct. R. 19).

In short, there is no Kansas statute or Supreme Court rule that specifically prohibits or restricts the disclosure of audio recordings of open court proceedings. See K.S.A. 2017 Supp. 45-221(a)(1). The district court's reliance on Supreme Court Rule 362 was erroneous and did not promote the public policy of opening public records for inspection as determined by the Legislature. See K.S.A. 45-216(a).

3. *Attorney fees*

The only remaining argument we need to address is Baker's request for attorney fees. K.S.A. 2017 Supp. 45-222(d) provides:

> "In any action hereunder, the court shall award costs and a reasonable sum as an attorney's fee for services rendered in such action, including proceedings on appeal, to be recovered and collected as part of the costs to the plaintiff if the court finds that the agency's denial of access to the public record was not in good faith and without a reasonable basis in fact or law. The award shall be assessed against the public agency that the court determines to be responsible for the violation."

Overlooking the fact that Baker has appeared pro se during all relevant proceedings below and continues to do so on appeal, in order for attorney fees to be awarded under

K.S.A. 2017 Supp. 45-222(d), an agency's action must be both "not in good faith" and "without a reasonable basis in fact or law." The district court decided this issue on a motion to dismiss and without a factual or evidentiary hearing. As a result, there is simply no evidence in the record before us to show that Stocks' actions in responding to Baker's request were not made in good faith. In addition, whether audio recordings of open court proceedings are exempt from disclosure under the KORA is a question of first impression for Kansas courts. Thus, it cannot be said that Stocks' actions were necessarily without a reasonable basis in fact or law at the time she denied Baker's request. See *Data Tree*, 279 Kan. at 468. Baker is not entitled to an award of attorney fees.

The district court's decision finding the audio recordings were exempt from disclosure under the KORA and Supreme Court Rule 362 is reversed. Because Baker's claims against Stocks are moot with respect to the specific audio recordings at issue in this case, however, remand to the district court in this particular case appears unnecessary. Baker's request for attorney fees is denied.

Reversed.