NOT DESIGNATED FOR PUBLICATION

No. 121,289

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JADEN KYLE KNOBLOCK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Coffey District Court; TAYLOR J. WINE, judge. Opinion filed December 20, 2019.
Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Jaden Kyle Knoblock appeals the district court's decision revoking
his probation and ordering him to serve his original sentence. Finding no abuse of
discretion, we affirm the district court's judgment.

On August 31, 2017, the district court found Knoblock guilty of conspiracy to
commit burglary based on stipulated facts. On November 8, 2017, the district court
sentenced Knoblock to 7 months' imprisonment but granted probation for 12 months to
be supervised by community corrections.

During probation, Knoblock received a 2-day jail sanction for failing to report and
a 120-day prison sanction for many other violations, including failing to obtain a drug

1

and alcohol assessment and testing positive for using illegal drugs. At a hearing on March 21, 2019, the State alleged that Knoblock again violated several conditions of his probation, including failing to find employment, failing to obtain a drug and alcohol assessment, failing to complete a theft offender program, and failing to make payments as directed. In response, Knoblock's counsel stated: "I spoke with my client and he intends to stipulate that he violated terms and conditions of his probation and he's just asking the Court send him to DOC to finish out his sentence." The district court revoked Knoblock's probation and ordered him to serve his original 7-month sentence with 89 days of jail credit. Even though the district court did exactly what Knoblock's counsel asked him to do, counsel filed a notice of appeal on April 2, 2019. On May 16, 2019, the district court appointed the Appellate Defender's Office (ADO) to represent Knoblock on appeal.

On September 4, 2019, the ADO filed a motion for summary disposition of sentencing appeal under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We granted the motion for summary disposition, and the State filed no response. The motion asserts that the district court "abused its discretion in ordering him to serve the underling sentence instead of reinstating probation." But the motion concedes that the district court may revoke probation upon a showing that the defendant has violated the probation terms.

On September 18, 2019, the State filed a notice of change in custodial status under Rule 2.042 (2019 Kan. S. Ct. R. 18) asserting that Knoblock "has served his prison sentence and is no longer in the physical custody of the Kansas Department of Corrections." Knoblock has not disputed the State's notice of change in custodial status.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion

2

occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Based on the notice of change in custodial status, Knoblock's appeal of his probation revocation may be moot. But mootness is a doctrine of court policy and is not jurisdictional. See *Stano v. Pryor*, 52 Kan. App. 2d 679, 682-83, 372 P.3d 427 (2016) (quoting *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 [2012]); *State v. Montgomery*, 295 Kan. 837, 841, 286 P.3d 866 (2012). The State is not arguing for dismissal of Knoblock's appeal based on mootness, so we will address the merits of the motion for summary disposition.

Here, the district court correctly found that Knoblock had received the intermediate sanctions required by law, and Knoblock does not argue otherwise. See K.S.A. 2018 Supp. 22-3716(c)(1)(E). The record shows that the district court gave Knoblock many chances to succeed on probation, but he could not comply with the basic conditions of his supervision. The district court's decision to revoke Knoblock's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Knoblock has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.