NOT DESIGNATED FOR PUBLICATION

No. 124,528

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NEIL LITKE,
*Appellant*,

v.

BOARD OF COUNTY COMMISSIONERS
OF MORRIS COUNTY,
*Appellee.*

MEMORANDUM OPINION

Appeal from Morris District Court; BENJAMIN J. SEXTON, judge. Opinion filed February 10, 2023. Appeal dismissed.

*Ryan Kriegshauser* and *Joshua A. Ney*, of Kriegshauser Ney Law Group, of Olathe, for appellant.

*William A. Kassebaum*, county counselor, for appellee.

Before ISHERWOOD, P.J., ATCHESON, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: In August 2021, the Morris County Board of Commissioners adopted a mask mandate at the behest of Dr. Daniel Frese, the county health officer, because of concerns about overtaxing hospitals and other medical care providers in the midst of the COVID-19 pandemic. Neil Litke filed an action under K.S.A. 2021 Supp. 65-201 challenging the masking order on the grounds it impermissibly imposed on his freedom, thereby making him an "aggrieved" party with standing to sue. The Morris County District Court conducted an evidentiary hearing and upheld the order as legally acceptable. Litke duly appealed.

1

Before the parties filed their appellate briefs, the County Commissioners lifted the mask order in January 2022, and no comparable order has since been adopted. In their briefing, Litke and the County acknowledge this appeal is likely moot and joust over whether we should proceed anyway. We find Litke's appeal to be moot, and no exception to the mootness doctrine warrants our review on the merits. We, therefore, dismiss the appeal.

This case is moot precisely because the order Litke complains about has been lifted. In short, neither he nor any other resident of Morris County can now be affected by an order that no longer exists. That may be close to a textbook example of mootness. See *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012) (controversy becomes moot when judicial resolution of issue would no longer affect legal rights or alter legal relationship of parties); *Burnett v. Spears*, No. 121,766, 2020 WL 2089695, at *1 (Kan. App. 2020) (unpublished opinion). Moreover, courts typically do not address issues that have become moot since any ruling would do no more than advance an advisory opinion. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 896-97, 179 P.3d 366 (2008); *In re Care & Treatment of Kukovich*, No. 114,209, 2016 WL 7031851, at *1 (Kan. App. 2016) (unpublished opinion).

In *State v. Roat*, 311 Kan. 581, Syl. ¶ 4, 466 P.3d 439 (2020), the court cautioned that we should carefully examine a case and its constituent issues before dismissing an appeal as moot. But Litke has the obligation to show his legal dispute with the County is worthy of continued judicial review. He is now under no direct or residual effects of the order and has no extant claim lingering in this case, such as for money damages, an award of attorney fees, or the recission of sanctions against him.

Mootness, however, does not impose a jurisdictional bar. And appellate courts may consider legal controversies that have become moot if there are sound prudential reasons to do so. Those exceptions typically entail a court either resolving an issue of

substantial public importance or deciding what amounts to a recurrent legal question that effectively evades review because the cases in which it arises become moot before appellate review can be completed. See *State v. DuMars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120 (2007); *Kelly v. Cline*, No. 124,210, 2022 WL 2112625, at *2 (Kan. App. 2022) (unpublished opinion). We see neither here.

The legal efficacy of a future mask mandate under K.S.A. 2021 Supp. 65-201 would be heavily fact dependent. The nature of the pathogen—its transmissibility and its virulence—would heavily shape the justification for all kinds of public health measures, including mask mandates. Likewise, the scope of those measures, including the circumstances requiring the wearing of masks, would also inform the legal conclusion. So the circumstances in Morris County in August 2021 or even something roughly comparable are unlikely to be replicated in the factual grounds for a future mask mandate. An opinion based on the evidence in this case almost certainly would be readily distinguishable from that future case. Our exercise in deciding this case likely would be an empty one in establishing some useful legal authority.

Similarly, this appeal does not present a legal issue so divorced from the factual circumstances that it could be fairly characterized as one of great public importance, warranting proceeding in this otherwise moot dispute. Such issues, including the proper reading of the sections of K.S.A. 2021 Supp. 65-201 the Legislature adopted in March 2021, may be better addressed in future litigation of live legal controversies based on their actual facts.

Finally, Litke invokes a mootness exception, sometimes referred to as the "voluntary cessation" doctrine, grounded in a government entity's rescission of a challenged action specifically to thwart judicial review. If the litigation were terminated ostensibly because the controversy had become moot, the government entity could then simply undertake the same action and, in theory, repeat that cycle endlessly. That

subterfuge arguably would provide a valid reason for a court to reach the merits of the legal controversy. See *Stano v. Pryor*, 52 Kan. App. 2d 679, Syl. ¶¶ 5-6, 372 P.3d 427 (2016). As described by Litke, voluntary cessation represents a variant of the mootness exception for an issue capable of repetition but evading review. But the variant is rooted in the connivance of a government agency trying to avoid having to answer for potentially unlawful conduct.

There is no evidence here that the County Commissioners acted in such a way. Litke cites the minutes of the Board meeting at which the masking order was lifted. But nothing in the minutes supports his argument. The measure lifting the mandate passed on a 2-1 vote. The commissioner opposed to ending the order did not suggest his colleagues acted to thwart Litke's litigation. This case is not even mentioned in the minutes. In addition, the County Commissioners acted two months after Litke filed his notice of appeal, cutting against a causal connection between this litigation and the end of the mandate. See *Ball v. Credit Bureau Services, Inc.*, No. 111,144, 2015 WL 4366440, at *10 (Kan. App. 2015) (unpublished opinion) (recognizing "close temporal proximity in combinations with other circumstantial evidence" may suggest improper intent or purpose). As we mentioned, the County Commissioners have not adopted another mask mandate, and nothing in the record suggests they will upon the conclusion of this case. We decline to find the voluntary cessation exception applicable here.

Appeal dismissed as moot.